## Richmond.

### FINCH v. MARKS AND ALS.

February 9, 1882.

1. MARRIED WOMEN—*Separate estates.*—Settled doctrine in this State is, that a married woman, as to her separate estate, has the same *jus disponendi* as is possessed by a *feme sole* over her property, unless her powers of alienation are restricted by the instrument of settlement.

2. IDEM—*Idem.*—As an incident of this *jus disponendi*, she may charge her property with the payment of her own debts, or those of her husband or of any other.

3. IDEM—IDEM—*Case here.*—Real estate is granted to trustee to hold same to the separate use of his wife during her life ; to sell same and reinvest proceeds as she in writing may direct ; that she shall have right to dispose of it, or of any other exchanged for it, by will ; but if she fails to do so, then trustee to hold it in trust for her children until the youngest is twenty-one yeas of age, when he shall convey it to them absolutely. Trustee made note to bank, in which wife united, and in deed of trust to C to secure it. C sold and conveyed the property under the trust deed to him to F. Afterwards the wife and her two children filed bill to annul the conveyance.

HELD :

1. Neither trustee nor wife had power to dispose of the fee, except for purpose of reinvestment in other property, to be held on same trusts.

2. But as to her life estate—subject to the rights of her appointees by her will, should she use her power of appointment, and to the rights of her children, should she not use that power—she has unrestricted power of disposition.

3. The sale and conveyance by F is operative and valid so far as the life estate of the wife shall last ; but inoperative and void so far as they affect the remainder in fee expectant on that life estate.

Appeal from decree of circuit court of Mecklenburg county, rendered December, 1878, in suit of Caroline Marks,

by, &c., and others, against George B. Finch and others. The facts are sufficiently set forth in the opinion of the ·court.

*J. Alfred Jones,* for the appellant.

*A. S. Lee,* for the appellees.

ANDERSON, J., delivered the opinion of the court.

We are of opinion that the deed from L. E. Finch and ·wife to F. R. Marks, trustee, exhibited with the bill, vests .in the said trustee only the naked legal title to the lot of land in the village of Boydton, conveyed by said deed, and vests in Caroline Marks, the wife of the said F. R. Marks, ·the beneficiary, only a life estate therein to her sole and .separate use, with the power of appointment of the fee in remainder by will; and in case she fails to dispose of it by will, then to be held, or the property for which it may be·commuted, in trust by the said F. R. Marks for the chil- .dren of the said Caroline Marks, until the youngest arrives at the age of twenty-one years; then to be conveyed to them and their heirs absolutely; and the said trustee is required to sell and dispose of the same, or any part there- ·of, and to reinvest the same as he may be directed by the said Caroline in writing. Such authority is given to the trustee only for reinvestment, and embraces the fee as well as the life estate, but the commuted property is to hold subject to the same trusts as he held the lot, before com- .mutation.

We are of opinion that neither the trustee nor Caroline Marks had authority to sell or dispose of the fee by deed for any purpose except for reinvestment in another pro- perty, which the trustee, in the case of such conversion, was to hold subject to the same trusts as those upon which

he held the lot—that is, for the sole and separate use of his wife during her life, with the power of appointment by her by will, and in case of her failure to appoint by will, after her decease, to hold it for the benefit of her children, as aforesaid.

But does this restriction embrace the wife's beneficial life estate? Although it is vested in her for her sole and separate use, it seems to be the settled doctrine in this State that the wife has the same *jus disponendi* as to her separate estate as a *feme sole* has of her estate, and that she may charge her separate estate, by her bond or deed, with the payment of a debt of her husband, unless her powers are restricted by the deed or instrument of settlement. It seems to me that it would be more consistent with the reason and design and object of the settler in investing the estate in the wife to her sole and separate use, that the rule maintained by Chancellor Kent should prevail. But, as was said by Judge Staples in *Burnett and Wife* v. *Hawpe's Ex'or*, 25 Gratt. 481, the contrary doctrine, as stated, is so firmly established now in Virginia that it cannot be departed from by the courts. It can only be changed by legislative intervention.

If, then, the *jus disponendi* in the wife, of her life estate, is not restricted by the deed, in express terms or by implication, her uniting with her husband, the trustee, in the note to the bank, and in the deed of trust to C. N. Williams to secure its payment, although it was a debt of her husband, would pass the title to her separate life estate in the house and lot. And that is the question here. Is there anything in the deed of settlement which restricts her right to make such a disposition of her life estate, as it is claimed by the appellant is made in this case? All of us being of opinion that her joining in the note to the bank, or the deed of trust to C. N. Williams, cannot operate to charge the fee.

But as to the life estate of the wife, the court is of opinion that there is no express restriction by the deed of settlement of her *jus disponendi*, and that it does not sufficiently appear upon the face of the deed, by implication, that such was the intention of the settler. She, by uniting with her husband in the note to the bank, and in the deed of trust to secure its payment, has subjected her said life estate to the payment thereof.

The court is therefore of opinion that the sale and conveyance made by C. N. Williams, trustee, to G. B. Finch, the purchaser of the house and lot aforesaid, so far as they embrace the fee in remainder, after the expiration of the life estate of Caroline F. Marks, or defeats her power of appointment by will, and the rights of the appointees, should she exercise such power of appointment, or the rights of her children, should she fail to exercise it, are inoperative, null, and void. But the court is further of opinion that said sale and conveyance, as to the life estate of the said Caroline F. Marks in said property, are valid, and effectual to pass her life estate therein. The court is therefore of opinion that the decree of the circuit court, so far as it declares the said sale and conveyance to be inoperative and void, as to the life estate aforesaid, and directs an account of rents and profits, so far as the rents and profits may accrue during the life of Caroline Marks, is erroneous and must be reversed. But so far as it declares said sale and conveyance inoperative and void, as they affect the remainder in fee, or directs an account of rents and profits which have accrued, or may accrue after the expiration of the life estate of Caroline Marks, is right, and must stand, and to that extent the court is of opinion to affirm the same.

The decree was as follows:

This day came again the parties by their counsel, and the court, having maturely considered the transcript of the record of the decree aforesaid and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that under the deed from L. E. Finch and wife (a copy of which, marked "A," is filed with the bill) the appellee, Caroline Marks, acquired an estate for her life only in the property thereby settled to her use, with a mere power (not coupled with an interest) to dispose of the remainder in fee by last will and testament, and in default of the exercise of the power of appointment by her, that the said remainder is limited to the children of the said Caroline Marks.

The court is further of opinion that the said life estate of the said Caroline Marks is settled by the said deed to her separate use, and there is no restraint imposed upon her power to alien the same, or encumber or charge it with the payment of debts, and that by uniting with her husband in the deed of trust of 28th of February, 1876, to C. N. Williams, trustee (a copy of which deed is filed with the bill), and in the note described in said deed, she bound her life estate for the payment of the debt evidenced by said note.

The court is further of opinion, that the said deed of trust to C. N. Williams, trustee, operated to convey to the said trustee for the purposes in said deed mentioned, the said life estate of the said Caroline Marks in the property therein described, and no other nor further estate or interest in said property.

And the court is further of opinion, that the said decree of the circuit court of Mecklenburg is in conflict with the opinion of this court hereinbefore expressed; therefore, it is decreed and ordered that the said decree be reversed and annulled, and that the appellees pay to the appellant his costs by him expended in the prosecution of the appeal

aforesaid here ; and this court, now proceeding to render such decree as the said circuit court ought to have rendered, it is further decreed and ordered that the deed aforesaid to Williams, trustee, and the subsequent deed from said Williams to the appellant Finch are valid conveyances of the life estate aforesaid of the said Caroline Marks in the property therein mentioned, but are inoperative and invalid so far as they convey or attempt to convey any other or greater estate, and that so far as they are thus declared to be inoperative and invalid, they be severally set aside and annulled, and that the defendants, George B. Finch and the Bank of Mecklenburg, pay to the complainants their costs by them expended in the prosecution of their suit in the said circuit court, which is ordered to be certified to the said circuit court of Mecklenburg county.