82  763
88  533

# Richmond.

## SMITH AND ALS V. FOX'S ADM'R.

### FEBRUARY 10th 1887.

### Absent, LEWIS, P.

WILLS— *Construction— Separate estate—Children—Issue—Fee—Case at bar.*—Testator devises land to his daughter, M. without limitation. She had been married 30 years, but had no children. By a later clause he directs that all property willed to his daughters should be held in trust by A. for the separate use of them and their children, &c. ; and that the trustee, when notified by either of them of her desire to sell, should do so, and re-invest in same way—

HELD:

1. "Children" must be construed as equivalent to "issue," in order to effectuate the manifest intention of the testator, and M. takes a fee.

2. *Jus disponendi* is incident to such an estate as M. held, and she could incumber it for her husband's debts

Appeal from decree of circuit court of Fauquier county, pronounced September 14, 1883, in a cause under style of Fox's Adm'r against Freeman's Ex'or and others, wherein Robert Whitaker, sheriff administrator, *d. b. n. w. w. a.* of John Fox, deceased, is plaintiff, and James Smith and Charles A. Smith and Margaret A. Smith, his wife, are defendants.

The circuit court decreed that Margaret A. Smith, under the will of James Freeman, had the entire estate in the fifty-two acres devised to the separate use of her and her children, and the *jus disponendi* thereof, and that the trust deed to Thomas

Smith was a legal exercise of that right and that James Smith, her only surviving child, had no interest under the will. From this decree Margaret A. Smith and James Smith appealed.

Opinion states the case.

*A. D. Payne* and *J. P. Jeffries,* for the appellants.

1st. Margaret G. Smith and James Smith, are joint tenants of said tract of fifty-two acres, each taking one-third thereof under the will of James Freeman, and each taking one-half of one-third by the death of William Smith, the other joint tenant, who died unmarried and under age and without issue, his estate passing under the law of descents in Virginia to the side from which the land was derived, viz: his mother's. And therefore the deed of Margaret Smith and husband, even if she had the *jus disponendi,* passed nothing but her moiety of said land.

2d. Margaret Smith had not the *jus disponendi,* except in the manner prescribed by the will of said Freeman, and the deed of trust to said Smith is a nullity.

The language of said will, so far as it relates to the matter in controversy, is as follows: "Item 3. I give to my daughter Margaret, who intermarried with Charles Smith, lot No. 2, commencing at a stone in the main road with F. C. Foster's line to the river; thence up the river to my daughter James Anna's lot; thence up said line to Spilman's line, containing fifty-two (52) acres. 7th. It is my will and desire that all property, whether real or personal, willed by me to my daughters, namely: Armanda, Margaret, Iphagenia, and James Anna, shall be held in trust by Martin Freeman for the separate use of them and their *children,* free from the control of their husbands, and in no manner liable for their husband's debts. If at any time either of my daughters wishes to sell their land they *must* notify the trustee in writing, who *may* sell and re-invest for their separate use and benefit."

Now it is respectfully submitted: First. That the estate created by the language above quoted, is a joint tenancy in the daughters of James Freeman and their children. He devises to the separate use of his daughters and their children and although the testator later on in his will, in designating the mode by which his daughters may alien, uses the expression "their land." This does not militate at all against the theory that the estate is one of joint tenancy. "Their land," when applied to the appellant, Margaret G. Smith, means her undivided interest in the joint estate. "It is a settled rule in the construction of instruments, that if an estate is conveyed, an interest given, a benefit bestowed in one part by clear, unambiguous, explicit words upon which no doubt could be raised to destroy or annul that estate, interest or benefit, is not sufficient to raise a mist, or create a doubt from other terms in another part of the instrument. Possibilities and even probabilities will not avail. *Barksdale* v. *White*, 28 Gratt. 227; *Stark* v. *Lipscomb*, 29 Gratt. 326. Second. The *jus disponendi* is expressly limited by said devise to the mode therein prescribed. The language is that "If at any time either of my daughters wishes to sell their land, they must notify the trustee in writing, who *may sell* and re-invest." Now the direction to the daughter is *imperative*, and the trustee's action is *discretionary*. "Whether or not an instrument creating a separate estate restrains the power of alienation, is a question of construction to be determined by the facts and circumstances of each case." *Frank* v. *Lillienfied*, 33 Gratt. 377; *Bank of Commerce* v. *Chambers*, 30 Gratt. 202; *Nixon* v. *Rose*, 12 Gratt. 425; *Ropp* v. *Minor*, 33 Gratt. 97; 77 Va., 492. In this case we submit that the intention to restrain the *jus disponendi* is very manifest.

*Hunter & Son*, for the appellee.

LACY, J., delivered the opinion of the court.

The bill was filed to subject the lands of James Freeman, deceased, in the hands of his devisees, to the payment of the debts of the said Freeman, secured thereon by trust deed. The several devisees having paid their ratable share of the said debt, except James Freeman's daughter, Margaret, who had intermarried with Charles Smith, and she and her husband having conveyed her share of the land under her father's will in trust to a trustee to secure a debt due to one M. M. McDonald, the trustee sold the land, which was conveyed to McDonald, who became the purchaser, and the money was brought into court by the trustee in this cause. One of the children of Margaret Smith came in by petition, and claimed that he was entitled to one-third of this land devised to Margaret Smith by her father, and. asked that his grandfather's will might be construed, and a reference had to a commissioner, to ascertain his interest in the said land. The circuit court dismissed this petition, and held the land of James Freeman liable for his debts in the hands of his devisees, and, there being money enough in the hands of the trustee to pay the balance of the debt due from Margaret Smith, directed the trustee to pay the same to the plaintiff accordingly; held that Margaret Smith took a fee-simple interest under her father's will, and sustained the sale to McDonald by the trustee to satisfy the debt of Margaret and Charles Smith secured by the said trust deed. Charles Smith and Margaret Smith, his wife, and James Smith, the son of Margaret Smith, appealed.

The only question for consideration here is the true construction of the following language in the will of James Freeman, deceased: "*Item* 3. I give to my daughter, Margaret,. who intermarried with Charles Smith, lot No..2, commencing at a stone in the main road, with F. C. Foster's line to the river; thence up the river to my. daughter, James Anna's lot; thence up said line to Spilman's line—containing (52) acres."

"(7.) It is my will and desire that all property, whether real or personal, willed by me to my daughters, namely, Armanda, Margaret, Iphagenia, and James Anna, shall be held in trust by Martin Freeman for the separate use of them and their children, free from the control of their husbands, and in no manner liable for their husbands' debts. If at any time either of my daughters wishes to sell their said land, they must notify the trustee in writing, who may sell and reinvest for their separate use and benefit."

The circuit court of Fauquier held that the daughter Margaret took a fee-simple in the devised land, and in that we think there was no error. Item 3 devises the land to the daughter without limitation, which must be construed to pass a fee-simple, unless a contrary intention can be discovered by the will. The seventh clause provides that the real estate so devised to the daughter Margaret shall be held in trust for the separate use of Margaret and her children, free from the control of her husband, and to be in no manner liable for his debts. The same provision is there made as to all his daughters and their children, whereas, although one of the daughters had been married over thirty years at the date of the will, she had no children. The intention of the testator being sought for as the chief guide in the construction of his will, the word "children" must be construed to mean heirs, to limit the estate in the first taking; the object of the testator being to limit this estate in the wife as against the husband's rights.

Judge Roane said, in the case of *Merrymans* v. *Merryman*, 5 Munf. 442, although the term "children" is not to be taken as synonymous with "issue," except to effectuate the manifest intention of the testator, the said term is so to be taken in this case; it not being intended to denote the devisee or devisees who were to take, nor to reduce the portion of the interest of

the mother in and to the slaves before given to her by the same clause, but to declare the duration of her interest therein to be to her and her children forever—that is to say, to her issue.

The distinct devise by James Freeman is to his daughter alone. The fee-simple thus granted (section 8, ch. 112, Code Va.) is not afterwards impaired by the terms in the seventh clause. *Barksdale* v. *White*, 28 Gratt. 227. The object of the testator in making the seventh clause is obvious from its terms. As to the power of Mrs. Smith to incumber this estate— her separate estate held in trust for her benefit under her father's will—we may remark: The *jus desponendi* is an incident to such estate, and may be exercised by the wife, unless restrained, expressly or impliedly, by the instrument creating the estate. The question as to the effect of the last provision in the seventh clause is one which must be regarded as settled in this State. The provision for sale and reinvestment by the aid of the trustee cannot be held to take away any existing legal right of the wife, one of which is her right to convey her separate real estate with the concurrence of her husband. *Lee* v. *Bank of U. S.*, 9 Leigh, 209; *Finch* v. *Marks*, 76 Va. 207, and cases cited. A wife may make her separate estate liable for the debts of herself, her husband, or any other person, unless the instrument creating the estate expressly or impliedly denies or limits such power; but the intention so to deny must be clear. The cases of *Bank of Greensboro'* v. *Chambers*, 30 Gratt. 202, and *Bailey* v. *Hill*, 77 Va. 492, may be cited as such cases; but the case in hand comes within the principles first stated, and now well settled in this court.

We think there is no error in the decree complained of, and the same must be affirmed.

DECREE AFFIRMED.