# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

MOSBY v. PAUL'S ADM'R.

January 7th, 1892.

WILLS -- *Construction*— *Words of limitation.* - Testator willed that his son have certain real estate valued at $10,000, of which he is to pay $3,000 to testator's "daughter and her children in trust." He then willed residue of his estate to be divided into five equal parts, and one part to each of his five children, giving one part to said "daughter and her children"; HELD:

    The daughter is entitled to the absolute fee-simple in the devises and legacies to her and her children, who are named merely to indicate the motive of the gift to her.

Appeal from the decrees of circuit court of Augusta county, rendered June 2d, 1891, and August 14th, 1891, respectively, in the cause wherein John W. Paul, administrator with the will annexed of James M. Paul, deceased, was complainant, and said decedent's legatees were defendants on a petition to rehear the said cause, filed by Victoria V. Mosby, the appellant. Opinion states the case.

*George M. Cochran*, for appellant.

*William Patrick*, for appellees.

FAUNTLEROY, J., delivered the opinion of the court.

The record shows that James M. Paul, of Augusta county, Virginia, died in January, 1891, leaving a will, which was duly

probated in the county court of Augusta county at the January term, 1891. No executor being named in said will, John W. Paul, a son of the testator, was, by consent of all parties in interest, duly appointed by the said court as administrator of the said estate with the will annexed. The said John W. Paul, as administrator *c. t. a.*, instituted this suit at the May term, 1891, in the circuit court of Augusta county, for the administration of the said estate under the instructions of the said court and for the construction of his testator's will.

The testator left three sons, John W. Paul, James C. Paul, and Lamartine H. Paul; and two daughters, Mrs. Louisa S. McComb, and Victoria V. Mosby.

The questions presented arise on the proper construction of the devises and bequests to the said daughters of the testator, made in the first, third, and eighth clauses of the will, as follows: " 1st. I bequeath to my daughter, Louisa S. McComb, and her children, the tract of land upon which I now reside, containing about one hundred and forty-seven acres, valued at six thousand dollars. I also give them the one-half interest in the plantation in Louisa county, Virginia, on which W. A. B. McComb and family now live." The third clause reads: " I desire that my son, James C. Paul, have the home place in Fort Bend county, Texas, estimated at ten thousand dollars, three thousand dollars of which he is to pay to my daughter, Victoria V. Mosby, and her children, *in trust.*" By the eighth clause the testator divides the residuum of his estate into five equal parts, and gives one part to each of his children. In giving to his daughters he uses this language: " Louisa S. McComb and her children, one share; Victoria V. Mosby and her children, one share."

The court was invoked in the bill to construe these devises and legacies to the daughters and their children, and to determine what is the estate of the mothers, and what the interest, if any, of their children under the will.

The court, by its decree of June 2d, 1891, reaffirmed by its

vacation decree of August, 1891, upon the petition for a rehearing, construed the devises and legacies to give to each of the said daughters a *life estate*, with remainder to her children; and directed the pecuniary legacies to the said daughters to be paid to the general receiver of the court; and the said receiver to invest and manage the same, and pay over to the said daughters the yearly interest, thereby making the said daughters of the testator wards of chancery the balance of their lives. From these decrees the said Victoria V. Mosby has obtained this appeal; and she charges that the said decrees are erroneous in the construction given to the will of James M. Paul as to her rights thereunder.

The guardian *ad litem* of the infants and counsel for the children contends that the ancient common law rule as established in *Wild's Case*, 6 Coke R. 17, shall be applied to the language used by the testator, which would give these devises and legacies to the *mother* and the *children* jointly in each case.

The appellant, Mrs. Victoria V. Mosby, contends that the whole of these devises and legacies goes to the mother, the *children* being named simply " to show the motive for the gift "; that the words, " and her children," annexed to the gift to the daughter, are words of *limitation* and not words of *purchase;* and that they were not intended by the testator, nor do they operate in law, to diminish the portion given to the daughter.

The court below, by its construction, ignores both of these contentions, and makes the *mother* a *life-tenant*, and " *her children* " vested *remainder-men* in fee—a construction which is untenable and unprecedented; and all that is left for this court to do is to adopt the construction claimed by the appellant, or to apply the old rule in *Wild's Case*, and say that the children have, by the will, present equal rights as tenants in common, or joint tenants, with their mother, to the exclusion of after-born children. At the date of her will Victoria V. Mosby was, and she yet is, a young married woman, and she may yet have many more children. There are many cases decided by this

court in which the language of these legacies has been con-
strued, and the question has been presented in every conceiva-
ble form; yet, in every instance, the mother was held to take
the whole estate given, and the language, " *and her children,*"
construed to merely indicate the motive of the testator in mak-
ing the devise or bequest, and his intention that his bounty
should go to the mother and her issue, or to the mother and
the heirs of her body. And this is equally the rule or rationale
of the decisions where the estate given to the " mother and
her children," is the absolute, and not merely a life-estate.
*Wallace* v. *Dold,* 3 Leigh; *Leake* v. *Benson,* 29 Gratt.; *Rhett* v.
*Mason,* 18 Gratt.; *Bain* v. *Buff,* 76 Va.; *Siebel* v. *Rapp,* 85 Va.;
*Merryman* v. *Merryman,* 5 Munf.; *Atkinson* v. *McCormick,* 76
Va.; *Mauzy* v. *Mauzy,* 79 Va.; *Smith* v. *Fox,* 82 Va.; *Waller*
v. *Catlett,* 83 Va.; *East* v. *Garrett,* 84 Va. In 3 Lomax Digest,
304, it is said : " In some instances, however, notwithstanding
the existence of children, the court seemed to have inclined to
construe *children* as a word of limitation."

In the third clause of the will the testator says: " I desire
that my son, James C. Paul, have the home-place in Fort
Bend county, Texas, estimated at $10,000, $3,000 of which he
is to pay to my daughter, Victoria V. Mosby, and her children,
*in trust,*" thereby indicating and directing that his daughter was
the hand to receive the money which his son was directed to
*pay* to the mother, and not to *hold* in trust, though, even had
he been interposed and constituted a trustee, it would not have
altered the case. In *Waller* v. *Catlett* the testator, Thurston,
gave to Catlett $1,000 *in trust for the sole and separate use* o
Nannie Waller *and her children ;* and in that case it was held,
Judge Lacy delivering the opinion of the court, the gift to the
wife and her children was a gift to the wife of the entire estate,
and that the reference to the children only indicated the motive
for the gift. In *Mauzy* v. *Mauzy,* 79 Va., Lewis, P., says :
" The language (wife and children) merely indicated the motive
for the conveyance to her."

In *East* v. *Garrett*, 84 Va., Judge Richardson, delivering the opinion of the court, says : " The language " *and her children* " is synonymous with " *her issue*," and not intended to indicate the donee or legatee, but the duration and limitation of the estate given." So in *Bain* v. *Buff*, 75 Va., this court held that the estate was given to the mother alone, and that the words " for use of herself and children " did not give any estate to the children, but simply indicate the motive for the gift to the mother.

Under this unbroken line of decisions by this court we are of opinion to annul and reverse the decrees complained of as wholly erroneous in the construction given to the third and eighth clauses of the will of James M. Paul, and our judgment is that the appellant, Victoria V. Mosby, is entitled, under the will, to the absolute fee-simple estate in the devises and legacies to her and her children, who are named merely to indicate the motive of the gift to her.

The case will be remanded, with directions to the circuit court of Augusta county to proceed in accordance with this opinion.

DECREE REVERSED.