WINFREE et al. v. WINFREE.

(Court of Civil Appeals of Texas. Galveston. May 28, 1911. Rehearing Denied June 22, 1911.)

1. FRAUDS, STATUTE OF (§ 63*)—PAROL CONTRACT FOR THE SALE OF LAND—ENFORCEMENT.

A parol agreement by a wife and children to release their claim in community estate in consideration of the husband and father conveying to them other land is not enforceable, though the conveyances were made.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 97–104; Dec. Dig. § 63.*]

2. DIVORCE (§ 254*)—JUDGMENT—CONCLUSIVENESS—ISSUES DETERMINED.

Where, in a suit for divorce, a child of the parties was made a party for the purpose of divesting the legal title to the lands of the husband and wife, which conveyed to the child in trust, to settle the differences between the husband and wife under an agreement which was held by the judgment in the action unenforceable, the judgment in the divorce suit divesting the child of the title held by him in trust did not divest him of any inter-

est he had in the land independent of the trust conveyance.

[Ed. Note.—For other cases, see Divorce, Dec. Dig. § 254.*]

3. APPEAL AND ERROR (§ 1040*)—HARMLESS ERROR — ERRONEOUS RULINGS ON PLEADINGS.

Where the court, trying a case without a jury, did not base its judgment for plaintiff on allegations in the petition to which defendant filed exceptions, the error, if any, in overruling the exceptions was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4089–4105; Dec. Dig. § 1040.*]

4. WILLS (§ 471*) — CONSTRUCTION—HABENDUM CLAUSE.

The habendum clause in a will is not an essential part thereof, but where it appears in a will and it cannot be reconciled with the premises and granting clause, so as to give full effect to each, the habendum will be disregarded, and while an habendum may explain, it cannot contradict or defeat the estate granted by the premises.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 989; Dec. Dig. § 471.*]

5. WILLS (§ 597*)—ESTATES DEVISED—ESTATE IN FEE.

Under the statute providing that every estate devised shall be deemed a fee simple, if a lesser estate is not limited by express words, a devise to an adopted child "to have and to hold to him * * * and his lawfully begotten children" is a devise in fee; the will having been executed by an illiterate person and drawn by one unlearned in the law.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1319–1326; Dec. Dig. § 597.*]

6. WILLS (§ 597*)—CONSTRUCTION—MEANING OF TERMS.

The rule that every part of a will must be given effect, if possible, is subordinate to the rule that a devise shall be deemed a fee simple, unless limited by express words.

[Ed. Note.—For other cases, see Wills, Dec. Dig. § 597.*]

7. WILLS (§ 439*)—CONSTRUCTION—INTENTION OF TESTATOR.

The ultimate test of the proper construction of a will is the intention of testator as disclosed by the whole will.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 952, 955, 957; Dec. Dig. § 439.*]

8. WILLS (§ 488*) — PAROL EVIDENCE—CONSTRUCTION OF WILLS.

Where the meaning of words in a will is ambiguous, the court to arrive at testator's intention may admit parol evidence of the conditions surrounding the parties and the execution of the instrument.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 718–721; Dec. Dig. § 488.*]

Appeal from District Court, Polk County; L. B. Hightower, Judge.

Trespass to try title by Z. T. Winfree against E. H. Winfree and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Lewis, Boyd & Norton, for appellants. Stevens & Pickett, for appellee.

PLEASANTS, C. J. This is an action of trespass to try title brought by appellee against appellants E. H. Winfree, Otis K.

Winfree, Myra Epperson, and her husband, M. W. Epperson. The three first-named appellants are the children of appellee and his divorced wife Mary C. Winfree. Two tracts of land are involved in the suit; one containing 219 acres and being a part of the Benjamin Winfree league in Chambers county, and the other 100 acres and being a part of a survey of 20 labors patented to A. B. J. Winfree and situated in Chambers county.

In addition to the statutory allegations in a suit of trespass to try title, the petition sets up title in plaintiff under the statute of limitation of three, five, and ten years, and further alleges, in substance, that pending the divorce suit brought against him by his wife, Mary C. Winfree, in which she made claim to an interest in lands belonging to plaintiff herein, other than the lands involved in this suit, he entered into an agreement with the said Mary C. Winfree and her children, the defendants herein, by which a settlement was made of all controversy as to the property rights involved in said divorce suit; that said agreement, which was made on September 12, 1901, provided that Mrs. Winfree and the defendants herein and E. W. Winfree, who is also a son of this plaintiff and the said Mary C. Winfree, would release unto plaintiff all of their right, title, interest, and claim in and to the lands involved in this suit in consideration of the conveyance by plaintiff to them of other lands owned by plaintiff; that in pursuance of this agreement plaintiff, on September 12, 1901, conveyed to Mrs. Winfree two tracts of land in the Henry Griffith league in Chambers county containing 76 acres, and also conveyed to her son, E. W. Winfree, for himself, and in trust for his mother and the defendants herein, a tract of 250 acres in said Griffith survey. By the terms of said agreement, E. W. Winfree was to convey 50 acres of said 250-acre tract to defendant herein, Myra Epperson, 50 acres to Mrs. Mary C. Winfree, 50 acres to the defendant herein, Otis K. Winfree, and of the remaining 100 acres he was to convey to E. H. Winfree 49 acres and an undivided one-half interest in a certain two acres thereof upon which certain hotel property was situated, retaining for himself 49 acres and an undivided one-half of said hotel property. That thereafter, on September 30, 1901, E. W. Winfree, in accordance with said agreement, made conveyances to Mrs. Mary C. Winfree and the defendants herein of the several tracts of land mentioned and described in said agreement. It is further alleged that, prior to said agreement of September 12, 1901, the defendant herein, E. H. Winfree (who it seems had been made trustee in a former compromise agreement between plaintiff and his said wife, Mary C. Winfree) was made a party to said divorce proceedings and by the final judgment in said divorce suit all the right, title, and in-

terest of Mrs. Mary C. Winfree and E. H. Winfree in the lands involved in this suit was divested out of them and vested in this plaintiff.

The petition then proceeds as follows:

"And plaintiff further avers that the defendants herein are now setting up and asserting title to the above-described lands and premises herein sued for, and are now making the assertion and claim that the fee-simple title therein is not vested in plaintiff, but that he only owns and holds an undivided one-half interest thereof in fee simple, and that as to the other undivided one-half of same he only owns and holds a life estate therein, with remainder to the defendants, and that at the death of the plaintiff they (defendants) will become vested with the fee-simple title to an undivided one-half of said lands and premises, and the said defendants are basing their claim to such right and title in said property under the terms of a will executed by Mrs. Mary Winfree, who was the wife of Jacob F. Winfree, on the 1st day of October, 1874, a copy of which is hereto attached and marked 'Exhibit A.'

"Plaintiff further alleges that said assertion and claim of title by defendants is but a pretension on their part, and that in fact and in law no such right or title is vested in them, and the terms of said will do not limit the interest and title of plaintiff to only a life estate in any part of said lands and premises, and there is no foundation in fact or in law for the claim of title so made by the defendants, but such pretended claim and assertion of title is made merely for the purpose of injuring the estate and title of plaintiff and to prevent him from making a sale of said lands and premises, should he so desire, and that such claim and assertion of title by defendants casts a cloud upon the title of plaintiff to said lands and premises.

"Wherefore plaintiff prays that the defendants be cited to answer this petition, and that he have judgment construing the above-mentioned will of Mrs. Winfree, and declaring that no right or title of any nature whatever in the above-described lands and premises is vested in defendants under or by virtue of the terms thereof, and removing the said cloud created and cast upon plaintiff's title thereto by the aforesaid pretended assertion of title and claim by defendants; and further prays that he have judgment for the title to and the possession of said above-described lands and premises, for his damages and costs of suit, and for all other further relief, legal and equitable, general and special, to which he may be entitled and in duty bound will ever pray."

The will sought to be construed is exhibited as a part of the petition and is as follows: "In the Name of God, Amen: I, Mary Winfree, of the county of Chambers, in the state of Texas, being of sound mind and memory, blessed be Almighty God for the same, but knowing the uncertainty of this life, and wishing to make some disposition of my worldly effects, have made and ordained this my last will and testament in manner and form following, that is to say: First: Upon my decease it is my wish and bequest that all of the real, personal and mixed property that I may die possessed of I do hereby give and bequest to Zachary Taylor Winfree, the adopted son of my deceased husband, J. F. Winfree, to have and to hold to him the said Zachary Taylor Winfree, and his lawfully begotten children."

The defendants answered by general demurrer, special exceptions, general denial, and plea of not guilty, and specially pleaded as follows: "For further answer herein, the defendants would show to the court that all the issues before the court in said cause No. 480, Mary C. Winfree v. Z. T. Winfree, were issues affecting alone the marital relations between the said Mary C. Winfree and Z. T. Winfree, and that Ed. H. Winfree was made a party to said controversy in his capacity as trustee, only, and that no other condition or property rights were within contemplation of the parties to said suit, nor were any other rights involved in said suit so far as Ed. H. Winfree was concerned, save and except that as he was affected in his fiduciary capacity as trustee, and these defendants would further show, and especially the defendant Ed. H. Winfree would show, that his individual interest in said estate was not affected by said suit, but remained the same as if he had had no connection therewith, and remained the same as the interest of the other defendants herein; and each and all of the defendants aver that the agreement alleged in plaintiff's amended original petition was not had with reference to any rights claimed by these defendants under said will, nor were those rights in contemplation by the plaintiff and these defendants in said negotiations and contract, and that said promise declared upon by the plaintiff, if made, was not made by defendants with reference to said rights and the same was not accepted by the plaintiff with reference to such rights; and they especially deny that it was their intention to release, and they especially deny that they did release, by said agreement or promise, any rights which they then had or now have under said will, and they deny that they ever promised plaintiff, either directly or indirectly, to release said rights. And they aver that plaintiff did not understand that it was the intention of the defendants to release or to promise to him their said rights, and that said rights were not mentioned by plaintiff nor by defendants in said negotiations; but that the various acts and things alleged to have been done by plaintiff were done upon an agreement of their said mother and the defendant Ed. H. Winfree; that the separation agreement which plaintiff herein sought in said divorce suit to set aside should be set aside and his status with reference to said property there-

in described be restored to him, and the defendants say that the conveyance of land made by the plaintiff to them, as alleged, was a voluntary gift by him to them, and that no consideration was demanded by him and none promised by them.

"The defendants say that they have never asserted exclusive title or right under said will to any property which was the subject matter of said will, nor to any property in controversy herein, but that they have at all times recognized the right of the plaintiff to an interest therein, and that at all times claimed for themselves an interest therein; that they have at all times denied the right of plaintiff to an absolute fee-simple title to said land to the present and future exclusion of these defendants, and have at all times, both before and after said divorce suit was settled, denied plaintiff's said claim, and both before and after said settlement they have claimed an interest in said land; that is, the remainder in fee simple to said land after the life estate of plaintiff should be terminated by his death.

"Defendants say that if said promise was made, as alleged by plaintiff, which they do not admit, but specially deny, then they say that the same is not enforceable in this suit, because neither said promise nor any memorandum thereof is in writing and signed by these defendants, nor either of them, nor by any one thereunto by them or either of them lawfully authorized, and said promise and contract is within the statute of frauds of this state, and these defendants here and now specially plead said statute in bar of plaintiff's action."

The prayer of defendants is for construction of the will to vest in them the fee-simple title to the property, subject to the life estate of the plaintiff, and in the alternative that the will be construed to vest the fee in plaintiff and defendants jointly as tenants in common.

The trial in the court below without a jury resulted in a judgment in favor of plaintiff.

At the request of appellants, the trial court filed the following conclusions of fact and law:

"(1) I find that Jacob F. Winfree and Mary Winfree were husband and wife, and that the two tracts of land in controversy belonged to their community estate, and the said Jacob F. Winfree and Mary Winfree are the common source of title to said lands.

"(2) I find that no children were ever born to the said Jacob F. Winfree and his wife, Mary Winfree, but on March 13, 1848, the said Jacob F. Winfree duly adopted Z. T. Winfree, the plaintiff herein, as his son.

"(3) I find that when Z. T. Winfree, the plaintiff (now 63 years of age) was an infant, his father, Andrew Long, brought him to the home of the said Jacob F. Winfree, and left him there in the care and control of the said Jacob F. Winfree and his said wife, Mary Winfree, and from that time he remained with them, being adopted, as above stated, by Jacob F. Winfree, and in the neighborhood and community where they lived he was generally regarded as the adopted son of both Jacob F. Winfree and his wife, Mary Winfree. And I further find that he was reared by them, and that during his childhood and youth the said Mrs. Mary Winfree provided for him and looked after his wants with the love and care a mother would naturally have shown towards her own child, and he was a devoted and dutiful son to her, and these affectionate relations between them continued up to the time of her death.

"(4) I find that the plaintiff, Z. T. Winfree, is married, and there were born to him and his wife the following children: Ed. H. Winfree, Ernest W. Winfree, Otis K. Winfree, and Mrs. Myra Epperson, the wife of M. W. Epperson, all of whom are living, and K. M. Winfree, who is dead.

"(5) I find that Jacob F. Winfree died on the 2d day of December, 1860, and that his wife, the said Mary Winfree, died on the ——— day of July, 1879, or 1880.

"(6) I find that the said Mrs. Mary Winfree, wife of Jacob F. Winfree, on the 1st day of October, 1874, made her last will and testament, which after her death was duly probated on the 19th day of July, 1880, and that the same ·in part reads as follows: 'First: Upon my decease it is my wish and bequest, that all of the real, personal and mixed property that I may die possessed of, I do hereby give and bequest to Zachary Taylor Winfree, the adopted son of my deceased husband, Jacob F. Winfree, to have and to hold to him the said Zachary Taylor Winfree and his lawfully begotten children.'

"(7) I find that the said will of Mrs. Mary Winfree was written for her by James Armstrong, who held the office of justice of the peace at the time, and who was a man of meager education and no legal training, and was not skilled in the preparation of legal documents.

"(8) I find that in making her said will, it was the intention of the said Mrs. Mary Winfree to bequeath to Z. T. Winfree (plaintiff herein) all property owned by her at her death, and to vest in him a fee-simple title to all lands of which she died seised."

"Conclusions of Law.

"1. I conclude that (the land in controversy being community property of Jacob D. Winfree and his wife, Mary Winfree) the one-half interest of Jacob F. Winfree therein descended at his death to Z. T. Winfree, the plaintiff in this case.

"2. I conclude that by the terms of the said will, made by Mrs. Mary Winfree on October 1, 1874, she intended to vest in the said Z. T. Winfree full fee-simple title to all lands owned by her at her death, and under and by virtue of said will the one-half

interest of said Mrs. Mary Winfree in the two tracts of land in controversy descended at her death to said Z. T. Winfree, the plaintiff herein, and therefore he is now the owner of all of said two tracts of land in fee simple.

"3. I conclude that defendants herein have no right or title of any nature whatsoever to the two tracts of land in controversy, and that the plaintiff, Z. T. Winfree, should have and recover of them title to and possession of same."

It would serve no useful purpose, and would therefore unnecessarily lengthen this opinion, to discuss in detail all of the assignments of error presented in appellants' brief. Several of these assignments predicate error upon the rulings of the court on exceptions presented by defendants to the sufficiency of that portion of plaintiff's petition in which it is sought to show title in plaintiff, under the alleged agreement between plaintiff and the defendants made in the settlement of the divorce suit between plaintiff and his former wife, Mary C. Winfree, and in not sustaining objections urged by the defendants to the admission in evidence of the judgment in said divorce suit and the testimony of plaintiff in regard to said settlement agreement.

[1] We agree with the appellants in the contention that neither the pleadings nor the evidence is sufficient to show that plaintiff acquired any title from the defendants by the alleged agreement. The agreement was not in writing, and no facts are alleged or proven which would require or authorize the enforcement of a parol contract of sale of land. Anna Berta Lodge v. Leverton, 42 Tex. 18. In addition to this, we think the evidence fails to show any agreement on the part of the defendants to release to plaintiff any interest they might have in the land in controversy in this suit.

[2] The controversy in which the agreement was made was one between plaintiff and his wife as to her community rights. It does not appear that the defendants herein were at that time asserting any claim against the plaintiff. None of them, except E. H. Winfree, was a party to the suit in which the divorce proceedings were had, and he was only made a party for the purpose of divesting the legal title to the lands of plaintiff and his wife, which had theretofore been conveyed to him in trust for the purpose of settling the differences between plaintiff and his wife, under an agreement which was held by the judgment in the divorce suit to be unenforceable. We think it clear that the judgment in the divorce suit divesting E. H. Winfree of the title thus held by him in trust did not have the effect of divesting him of any interest or title he might have in the land independent of said trust conveyance; his right to hold the title as such trustee being the only issue made by the pleadings in that suit. Moore v. Snow-

ball, 98 Tex. 16, 81 S. W. 5, 66 L. R. A. 745, 107 Am. St. Rep. 596.

[3] As before stated, the cause was tried without a jury, and the learned trial judge, as shown by his conclusions of fact and law, did not base his judgment in favor of plaintiff upon any title acquired by him under said alleged agreement. Upon this state of the record, any error committed by the trial court in overruling exceptions to that portion of the petition setting up said agreement and in admitting evidence in support thereof was harmless.

It is next contended under appropriate assignments that the will of Mary Winfree, before set out, under which plaintiff claims title to one-half of the land in controversy, only devised plaintiff a life estate, or at most only made him a tenant in common with defendants, in all the lands owned by said Mary Winfree at the time of her death, and that the language of said will being unambiguous parol evidence was not admissible to show that the testator intended to give to plaintiff in fee all of her property.

We think these assignments are without merit. The construction of the will contended for by the appellants is predicated solely upon the presence of the words "lawfully begotten children" in the habendum clause. If the testator had intended to limit the estate bequeathed Z. T. Winfree to one for life, or to give his children any interest in her estate, she could hardly have selected less apt words to express that intent. She expressed in plain and unequivocal language her desire and intention to give to Z. T. Winfree all of her estate, and if she had intended to qualify this language and restrict her bequest to a life estate, or to an estate in common with all of the children that might be lawfully begotten by him, she would not likely have left that intention to be gathered solely from the technical distinction between the use in the habendum clause of the word "heirs" and the words "lawfully begotten children."

[4] Originally the office of an habendum was "to determine the interest granted or to lessen, enlarge, explain or qualify the premises," but since in modern conveyancing this office is usually performed by the premises and granting clause an habendum has become in most cases a mere form. It is not an essential part of a deed or will, and if in any instrument in which it appears it cannot be reconciled with the premises and granting clause, so that full effect can be given to each, the habendum will be disregarded. While it may explain or qualify, it cannot contradict or defeat the estate granted by the premises. Our statute provides "that every estate in lands which shall hereafter be granted, conveyed or devised to one, although other words heretofore necessary at common law to transfer an estate in fee simple be not added, shall be deemed a fee simple if a lesser estate be not limited by ex-

press words or does not appear to be granted, conveyed or devised by construction or by operation of law."

[5] We cannot believe that the words "to have and to hold to him the said Zachary Taylor Winfree and his lawfully begotten children" were intended by the testator to limit or lessen to a life estate the fee-simple estate devised to Z. T. Winfree in the preceding clause of the will, nor that such construction should be given these words, and there is certainly no rule of law by the operation of which such effect is required to be given them. We think the reasonable construction to be given them is that the words "lawfully begotten children" were used in the sense of heirs, and, while the habendum clause so construed is an entirely useless and unnecessary part of the will, common experience teaches us that its purely formal use in this way is not at all unusual, especially when the will is prepared, as the will under consideration was shown to have been, by a person unlearned in the law.

[6, 7] The general rule is that every part of an instrument must be given effect, if possible, but this rule is subordinate to the rule that an habendum should not be construed so as to contradict or defeat the estate granted by the premises, and that a devise of an estate shall be deemed a fee simple, unless limited by express words. This construction of the will gives effect to the intention of the testator as shown by the whole instrument, and this is the ultimate test of the proper interpretation of wills. In the case of Hawes v. Foote, 64 Tex. 22, our Supreme Court says: "Liberal allowance is made in construing wills to mere casualties or ignorance or awkwardness in the use of words in their exact sense and in the structure of sentences, for the purpose of attaining the paramount object—the real intention of the testator. The law will not allow the testator's intention to be defeated because he has not clothed his ideas in technical language."

The maker of this will was so illiterate that she could not sign her name. The justice of the peace who wrote the will for her was wholly unlearned in the law, and it is inconceivable that either of them could know and understand the technical difference in the meaning of the words "heirs" and "lawfully begotten children" as used in the habendum clause of the will, and that the testator intended by this use of the words "lawfully begotten children" to give a different effect to the will than it would have had, had she used the word "heirs," and to either restrict the estate granted to Z. T. Winfree to a life estate, or to give his children who were then living an interest in her estate as tenants in common with their father.

It is hardly necessary to cite authorities in support of the proposition that when the language of a will is ambiguous or capable of more than one construction parol evidence is admissible for the purpose of aiding in ascertaining the intention of the testator.

In Hunt v. White, 24 Tex. 652, our Supreme Court says that the intent of the testator must be ascertained from the meaning of the words of the instrument, "but, as he may be supposed to have used language with reference to the situation in which he was placed, to the state of his family, his property, and other circumstances relating to himself individually and to his affairs, the law admits extrinsic evidence of those facts and circumstances, to enable the court to discover the meaning attached by the testator to the words used in the will, and to apply them to the particular facts in the case."

[8] When the meaning of the words used in a will is ambiguous, the court, in order to arrive at the intention of the testator, must be put as near as may be in his environment, "stand in his shoes, and look with his perspective through his eyes," and to enable the court to do this parol evidence of the conditions and circumstances surrounding the parties and the execution of the instrument is always admissible. Peet v. Railway Co., 70 Tex. 527, 8 S. W. 203; Weller v. Weller, 22 Tex. Civ. App. 247, 54 S. W. 652; Clark v. Cattron, 23 Tex. Civ. App. 51, 56 S. W. 100.

Our conclusion that the language of this will does not show an intention on the part of Mrs. Winfree to give any estate in the property devised by her to the children of Z. T. Winfree is supported by the following cases: Hood v. Dawson, 98 Ky. 285, 33 S. W. 75; Mosby v. Paul, 88 Va. 533, 14 S. E. 336; Smith v. Fox, 82 Va. 763, 1 S. E. 200.

What we have said disposes of the material questions presented by the record. None of appellants' assignments, in our opinion, present any reversible error, and all of them are overruled without further discussion.

We think the trial court correctly construed the will of Mrs. Winfree as vesting the fee-simple title to the lands in controversy in the plaintiff, Z. T. Winfree, and the judgment of the court below in his favor is affirmed.

Affirmed.