FRASER v. McCARTY. (No. 5311.)

(Court of Civil Appeals of Texas. San Antonio. June 3, 1914. Rehearing Denied June 27, 1914.)

1. BROKERS (§ 67*)—ACTING FOR BOTH PARTIES—KNOWLEDGE.

A written agreement whereby defendant agreed to pay to plaintiff one-half of the commission due on the exchange of his house for the property of a certain third person, to be in full settlement of his part of the commission on the exchange, was sufficient of itself to show that plaintiff was not acting for both parties without the knowledge of the defendant.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 52–54; Dec. Dig. § 67.*]

2. BROKERS (§ 86*)—ACTION FOR COMMISSION—SUFFICIENCY OF EVIDENCE.

In an action for a part commission for effecting an exchange of properties, defended on the ground that there were incumbrances on the property not known to the defendant, evidence *held* sufficient to sustain a judgment for plaintiff.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 116–120; Dec. Dig. § 86.*]

Appeal from Bexar County Court for Civil Cases; John H. Clark, Judge.

Action by E. F. McCarty against J. W. Fraser. Judgment for plaintiff, and defendant appeals. Affirmed.

Williams & Hartman, of San Antonio, for appellant. O. M. Fitzhugh and Swearingen & Ward, all of San Antonio, for appellee.

FLY, C. J. This is an appeal from a judgment for $125 for commissions claimed by appellee for negotiating an exchange of lands by appellant and C. T. Gregory. The case originated in the justice's court, where appellee obtained judgment, as he afterwards did in the county court.

[1] It is the contention of appellant that judgment should not be rendered against him, because appellee was acting as agent for both parties to the exchange, without the knowledge of appellant. The written agreement given by appellee clearly indicates that appellant knew that Gregory was paying one-half of the commissions, because he describes the $125 which he agreed to pay to appellee as "one-half of the commission which is due you on the exchange of my home in Los Angeles Heights for property owned by C. T. Gregory," and because in the closing sentence of the agreement it is stated:

"This to be in full settlement of my part of the commission on the deal or trade between myself and C. T. Gregory."

Who was to pay the other half of the commission? It could not have been any other person than Gregory; for he alone, besides appellant, was interested in the trade. It is inconceivable that appellant did not know that appellee was acting for both parties to

the exchange, and he must have known that if $125 was "my part of the commission on the deal or trade, between myself and C. T. Gregory," that Gregory was to pay the other part. No other reasonable inference can be drawn from the facts.

[2] Appellant did not swear that he did not know that appellee was the agent for Gregory as well as for himself, and claimed in his testimony that he refused to pay the commission only because the property of Gregory was incumbered by liens in favor of Joe L. Hill.

The opinion as to the title by Joe L. Hill, which appellant agreed to accept instead of an abstract of title, was received by appellant before he and his wife executed the deed to Gregory, and that opinion disclosed the fact that Hill held a lien on the five-acre tract in the town of Papalote traded by Gregory to appellant. In addition appellant knew that the land was incumbered, because in making the trade he agreed to assume the incumbrance, and he must have known the nature of the incumbrance and by whom it was held. He knew Hill had formerly owned the land. He knew it when he signed the deed, because Hill had communicated the fact to him.

When he agreed to take the opinion of Joe L. Hill in place of an abstract of title, he had been told that Hill was the former owner, and must have known that the incumbrance on the land was a lien in favor of the former owner. He was definitely informed of that fact the day before he and his wife executed and acknowledged the deed to Gregory. He made no objection to the opinion as to the title at the time he received it, and at the time his wife signed and acknowledged the deed to Gregory. He made no objection to the opinion as to the title at the time he received it, and, as his wife signed and acknowledged the deed at least 24 hours after the opinion had been delivered to him, he had found no objections up to that time. There is nothing that indicates that the title to Gregory's land was not a perfect one, with the exception of the incumbrance about which appellant was fully informed. He was not entitled to an abstract of title because there was no agreement to furnish it, and, on the other hand, he had made an agreement that no abstract would be required.

The testimony is ample to sustain the judgment.

The judgment is affirmed.