DARRAGH et al. v. BARMORE. (No. 335–3695.)

(Commission of Appeals of Texas, Section A. June 24, 1922.)

1. Wills ⬅️439—Cardinal rule of construction is to ascertain, testator's intent, which will control any arbitrary rule.

A cardinal rule of testamentary construction is to ascertain testator's intent and give it effect, and such intention, when ascertained, will control any arbitrary rule.

2. Courts ⬅️90(1)—Courts, in construing a will, will not adhere rigidly to precedents.

Courts construing wills · will not adhere rigidly to precedents unless they are in every respect directly in point, but adjudicated cases established general rules of construction which should be followed unless a different meaning was intended by testator's language.

3. Wills ⬅️470—Particular paragraph must yield to the intention manifested by the whole instrument.

In construing a will all its provisions must be looked to to ascertain testator's real intention, and, if this can be ascertained from the language of the instrument, then any particular paragraph which, if considered alone, might indicate a contrary intent must yield to the intention manifested by the whole instrument.

4. Wills ⬅️601(1)—Testator's intention to reduce estate granted by former clause of will ·must clearly appear in subsequent clauses.

Where the first paragraph of a will bequeathed to testatrix's two children an estate in fee in express terms in view of Rev. St. art. 1106, before succeeding paragraphs can be held to limit or reduce the estate so granted, testatrix's intention that they should have such effect must clearly appear.

5. Wills ⬅️441—While intent must be ascertained· from the words used, surrounding circumstances may be considered.

While testatrix's intention must be ascertained from the meaning of the words used in the will and from these alone, extraneous evidence of the circumstances surrounding her at the time may be considered to ascertain the sense in which such words were used.

6. Wills ⬅️602, 603(1) — Under provision that upon certain contingencies the estate shall pass to another, the law favors the first taker.

Where a will provides that upon a certain contingency the estate shall pass ·to another, the law favors the first taker, and will construe the words of the will to grant to the first taker the greatest estate which they, by the fairest construction in harmony with the will as a whole, are capable of passing.

7. Wills ⬅️545(2)—Devise of property to son with provision that, if he die without heirs of his body, it shall pass to testatrix's daughter, held to mean son's death even after testatrix's death.

The devise of property to testatrix's son with provision that, if he shall die without heirs of his body, the property devised shall pass to his sister, held to mean his death in such condition at any time, even after the death of testatrix.

8. Wills ⬅️608(2)—Construed as not intending to give testatrix's son a life estate, under the rule in Shelley's Case.

Where the first clause of a will bequeathed to testatrix's son and daughter all of testatrix's estate, a subsequent clause providing that, if the son die before his sister without heirs of his body, his portion of the estate should go to such sister, in view of the remaining portion of the will, held not to indicate his intention to limit his estate to one for life only, and not to require such construction; the rule in Shelley's Case being in force.

9. Wills ⬅️602, 603(3)—Will construed as devising estate in fee to testatrix's son, defeasible upon his death without leaving bodily heirs prior to his sister's death.

A will construed as giving testatrix's son an estate in fee in property described, defeasible upon the happening of the stipulated contingency of his death before his sister, without leaving bodily heirs, in which event the executory devise over to the sister will take effect.

10. Wills ⬅️460—Words or clauses of sentences or paragraphs may be transposed to show testator's intention.

Words or clauses of sentences in a will, or even whole paragraphs, may be transposed to any extent with a view to show testator's intention.

11. Wills ⬅️457—Technical construction of words and phrases should not be made to the extent of defeating testatrix's obvious purpose.

A technical construction of words and phrases, although prima facie the one which should prevail, should not be carried to the extent of defeating testatrix's obvious purpose.

12. Wills ⬅️462—Clause held elliptical, and words supplied inserted to make it consistent with whole will.

A clause in a will that on the death of her son, a devisee, testatrix's daughter, if living, and, in the case of the death of such daughter, the testatrix's son if living, or his heirs, should take her part of the estate devised by prior clause, but that, in case said daughter at her death leaves children, which includes one named, her children should inherit the estate share and share alike, held elliptical, so that the words "without leaving a child or children" should be inserted and the words slightly transposed to convey testatrix's intended meaning and make it consistent with the remainder of the will.

13. Wills ⬅️614(4)—Life estates in choses in action, bonds, securities, and moneys are not favored.

Life estates in choses in action, bonds, securities, and moneys are not favored, and testatrix will not be held to have so intended unless such intention is clearly and unequivocally expressed, and a gift of "all of my estate, real, personal, and mixed, choses in action, bonds

and securities and moneys" does not express such intention.

**14. Wills ⬳597(4)—The word "children" is ordinarily one of purchase importing only immediate descendants, but may be construed otherwise if justified.**

Where testatrix devised property to her daughter providing that, in case the daughter at her death should leave children, the children should take her estate share and share alike, while the term "children" is only one of purchase importing only immediate descendants, it may not always be so, but may be construed as a term of limitation and the equivalent of heirs, heirs of the body, or issue, when the instrument to be construed as a whole justifies or requires such construction.

**15. Wills ⬳452—Law favors construction conforming most nearly to general laws of inheritance.**

The law favors that construction of a will which conforms most nearly to the general laws of inheritance.

**16. Wills ⬳602, 603(3)—The word "children" construed as meaning "heirs of the body."**

Testatrix's provision, after devising property to her daughter, that, if the daughter should leave children, they should inherit her estate share and share alike, but, if she did not leave children the property should go to her son, evinced an intention to keep the property in the family, and, in case of the death of the son or daughter without bodily heirs, the other should succeed to his or her share of the property, so that the word "children" should be construed to mean heirs of the body —(citing 2 Words and Phrases, First Series, Children).

**17. Wills ⬳602, 603(3)—Construed as giving testatrix's daughter an estate in fee defeasible upon the death of daughter's son and daughter's death thereafter without leaving any living heirs of her body.**

A will construed as devising to testatrix's daughter a fee defeasible upon the death of daughter's son named in the will and daughter's death thereafter without leaving any living heirs of her body, in which event the executory devise over to testatrix's son will take effect.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Suit by John Greenleaf Darragh and others against John Darragh Barmore. From judgment for plaintiffs, defendant appealed to the Court of Civil Appeals, which reversed the case and rendered judgment (231 S. W. 472), and plaintiffs bring error. Judgments of the trial court and the Court of Civil Appeals reversed, and judgment entered construing will.

Taliaferro, Cunningham & Moursund and Cobbs, Blackenbecker & Wiggin, all of San Antonio, for plaintiffs in error.

J. Ed. Wilkins, of San Antonio, for defendant in error.

GALLAGHER, J. This suit was instituted by John Greenleaf Darragh and Mabel Darragh Jenkins, joined by her husband, John L. Jenkins, plaintiffs in error herein, against John Darragh Barmore, a minor, defendant in error herein, to obtain a construction of the will of Anna Pendleton Sheppard Darragh, who died on January 8, 1919. Said will was duly probated and reads as follows:

"First. I give and bequeath to my beloved children, John Greenleaf Darragh and Mabel Darragh Jenkins, all of my estate, real, personal and mixed, choses in action, bonds and securities and moneys of whatever kind or character, wheresoever situated, share and share alike, except as hereinafter specially provided in reference to certain personal property.

"Second. I give to my daughter, Mabel Darragh Jenkins, all of my household and kitchen furniture, linens and furnishings, beds, bedding, crockery ware, glassware, silverware, cooking utensils and everything pertaining to kitchen and household use, also all of my personal effects, clothing, etc., all jewelry, ornaments, etc., except one certain topaz ring that was my husband's which I give to my son John Greenleaf Darragh, together with a certain diamond stick pin with colored stone, which I likewise give to him.

"Third. I give to my said two children jointly all the dining room furniture, to be divided equally between them, the manner of division shall be agreed upon by them; and I also further give to my son, John, the right to select any one or two pieces of china and one or two pieces of silverware.

"Fourth. In case John Greenleaf Darragh dies before his sister Mabel Darragh Jenkins, without heirs of his body, all of his portion of the estate shall go to my said daughter, Mabel Darragh Jenkins; but if he dies leaving issue of his own body, then his said heirs shall inherit his portion of said estate.

"Fifth. In case of the death of my daughter, Mabel Darragh Jenkins, and in case of the death of John Darragh Barmore, her child, then the said John Greenleaf Darragh, if living, or his heirs, as hereinabove stated, shall take her estate; but in case that the said Mabel Darragh Jenkins at her death should leave children, which includes John Darragh Barmore, her children shall inherit her estate, share and share alike.

"Sixth. I give and bequeath to John Darragh Barmore, child of Mabel Darragh Jenkins, his grandfather's watch, and to John Greenleaf Darragh, my son, his father's gold watch chain.

"Seventh. It is the wish and is so enjoined upon John Greenleaf Darragh, and Mabel Darragh Jenkins, that they shall take care of John Darragh Barmore and properly educate him, to be paid for out of the estate which I give to my said two children, John Greenleaf Darragh and Mabel Darragh Jenkins, until the said John Darragh Barmore shall have received his education. It is understood that whatever rights John Darragh Barmore receives under the provisions of this will shall lapse and revert to my said children or their heirs, in case

he gives any part whatsoever of the estate he inherits hereunder to any of his Barmore kin, including his father and grandfather.

"Eight. I hereby appoint ` John Greenleaf Darragh and Mabel Darragh Jenkins my executors of this my last will and testament and direct that my estate be administered without the intervention of any proceedings of any court, and that no action be taken in any court in the administration of my estate other than by probating this will and filing such inventory as the law requires.

"I further direct after probating said will the said estate shall be closed and no further proceedings shall be had therein; and I further direct that no bond or other security shall be required of my said executors and that they administer the same without bond."

The trial was before the court without a jury. The court, among other essential facts, found that John Greenleaf Darragh and Mabel Darragh Jenkins are the only children of the testatrix; that John Greenleaf Darragh is unmarried and without issue, and that John Darragh Barmore is the only child of Mabel Darragh Jenkins and was born to her by a former marriage; that it was the intention of testatrix to leave her real property to John Greenleaf Darragh and Mabel Darragh Jenkins in fee simple, share and share alike.

Upon the findings of fact so made the court construed said will to vest in John Greenleaf Darragh and Mabel Darragh Jenkins a fee-simple title to all the real property owned by testatrix at the time of her death.

John Darragh Barmore, by his guardian ad litem, appealed. The Court of Civil Appeals reversed the judgment of the trial court and entered judgment declaring said will vested in John Greenleaf Darragh and Mabel Darragh Jenkins a life estate only in all the property devised by paragraph 1 thereof, and that, in event John Greenleaf Darragh should die before his sister, without heirs of his body at the time of his death, she shall take the property so devised to him, and that, upon the death of Mabel Darragh Jenkins, her children shall take her share of said property. 231 S. W. 472.

The Supreme Court granted a writ of error to review said judgment.

The character of the estate which plaintiffs in error took in the property devised to them by paragraph 1 of said will and the power of disposition thereof vested in them are the only issues tendered by the pleadings in this case.

[1, 2] The cardinal rule of testamentary construction has been declared to be to ascertain the intent of the testator and give it effect, and it is said that such intention, when ascertained, will control any arbitrary rule. The will to be construed is rarely in exactly the same language as another will construed in any reported case, but is usually a thing unto itself. Accordingly it has been said that courts, in the construction of wills,

are not to adhere rigidly to precedents unless they are in every respect directly in point. Adjudicated cases have, however, established certain general rules of construction which should be followed unless it appears that a different meaning was intended by the testator by the language used. 28 R. C. L. pp. 204–206.

[3] In construing a will, all its provisions must be looked to for the purpose of ascertaining the real intention of the testator, and, if this can be ascertained from the language of the instrument, then any particular paragraph which, if considered alone, might indicate a contrary intent, must yield to the intention manifested by the whole instrument. McMurry v. Stanley, 69 Tex. 227, 230, 6 S. W. 412.

[4] The whole will is set out above, but the real issue raised is to what extent the devise in the first paragraph thereof is limited by paragraphs 4 and 5 respectively, and the effect of such limitation. It is undisputed that paragraph 1 is in terms an absolute devise of the property therein described to plaintiffs in error, and that, unless restrained by said subsequent paragraphs, it passes the fee in such property as fully as if it read "to plaintiffs in error, their heirs and assigns forever," in express terms. R. S. 1106. Such being the case, before such succeeding paragraphs can be held to limit or reduce the estate so granted, the intention of the testatrix that they should have such effect must clearly appear. May v. Town-Site Co., 83 Tex. 502, 508, 509, 18 S. W. 959.

[5, 6] The trial court, after hearing the evidence, found that the testatrix intended to leave her property to plaintiffs in error, share and share alike in fee simple. While the intention of the testatrix must be ascertained from the meaning of the words used in the will and from these words alone, extraneous evidence of the circumstances surrounding her at the time may be considered to ascertain the sense in which such words were used. This finding of the trial court justifies solving any reasonable doubt as to the effect of the language of the will in favor of an estate in fee in plaintiffs in error. Peet v. Railway Co., 70 Tex. 522, 527, 8 S. W. 203. Where, as in this case, there is a provision that upon a certain contingency the estate given shall pass to another, the law favors the first taker and will construe the words of the will to grant to the first taker the greatest estate which they, by a fair construction in harmony with the will as a whole, are capable of passing. Hughes v. Titterington (Tex. Civ. App.) 168 S. W. 44, 45 (writ refused); Hancock v. Butler, 21 Tex. 804.

[7] We think the only limitation imposed by the fourth paragraph of the will upon the estate granted John Greenleaf Darragh by the first paragraph thereof is that in

event of his death before his sister, without leaving heirs of his body surviving him, his portion of the estate given in the said paragraph shall go to his said sister. This is plainly stipulated by the terms of such paragraph and must be given effect. The devise of said property to John Greenleaf Darragh with the provision that, if he shall die without heirs of his body, the property devised shall pass to his sister, means his death in such condition at any time, even after the death of the testatrix. St. Paul's Sanitarium v. Freeman, 102 Tex. 376, 378, 117 S. W. 425, 132 Am. St. Rep. 886.

[8] We do not think, however, that paragraph 4 imposes any other limitation. There is nothing in the language of said paragraph, or elsewhere in the will, to indicate an intention to limit his estate in said property to one for life only, much less to require such construction. The rule in Shelley's Case is in force as a rule of property in this state, and the direction in said paragraph that the heirs of his body, if any, shall inherit his estate is controlled thereby and vests in him an estate in fee. Lacey v. Floyd, 99 Tex. 112, 87 S. W. 665; Brown v. Bryant, 17 Tex. Civ. App. 454, 44 S. W. 399 (writ refused); Scott v. Brinn, 48 Tex. Civ. App. 500, 107 S. W. 565 (writ refused).

[9] We think that John Greenleaf Darragh took under the will an estate in fee in the property described in paragraph 1 thereof, defeasible, however, upon the happening of the stipulated contingency, to wit, his death before his sister, without leaving bodily heirs, in which event the executory devise over to his sister will take effect. St. Paul's Sanitarium v. Freeman, 102 Tex. 376, 378, 117 S. W. 425, 132 Am. St. Rep. 886; Pearce v. Pearce, 104 Tex. 73, 74, 134 S. W. 210; Peters v. Rice (Tex. Civ. App.) 157 S. W. 1181 (writ refused); West v. Glisson (Tex.Civ. App.) 184 S. W. 1042 (writ refused); Haring v. Shelton, 103 Tex. 10, 15, 122 S. W. 13; Laval v. Staffel, 64 Tex. 370.

[10, 11] The construction of paragraph 5 presents greater difficulty. It is an established rule of construction applicable to wills that words or clauses of sentences, or even whole paragraphs, may be transposed to any extent with a view to show the intention of the testator. A technical construction of words and phrases, although prima facie the one which should prevail, should not be carried to the extent of defeating the obvious purpose of the testatrix. Hawes v. Foote, 64 Tex. 22, 27.

[12] We think there is an ellipsis in the language of said paragraph, and that the omitted words should be supplied and one clause slightly transposed. If this were done, said paragraph would read as follows:

"5. In case of the death of John Darragh Barmore, and in the case of the death of my daughter, Mabel Darragh Jenkins (without leaving a child or children), then said John Greenleaf Darragh, if living, or his heirs as hereinbefore stated, shall take her estate, but in case that the said Mabel Darragh Jenkins at her death should leave children, which includes John Darragh Barmore, her children shall inherit her estate share and share alike."

This reading of paragraph 5 includes every word used by the testatrix except the words "her child," which words merely identify John Darragh Barmore and add nothing to the construction of the paragraph because his identity is not questioned. Are we justified in holding that there is an ellipsis and in supplying the words enclosed in parenthesis?

The whole paragraph as it appears in the will constitutes a single sentence. It must be construed, if possible, so that all its provisions will be consistent and so they may be all given effect. Let us suppose that the omitted words are not supplied. In that event, according to the established rules of construction, the death of Mabel Darragh Jenkins and her child, John Darragh Barmore, referred to in said paragraph, would mean their death before the death of the testatrix. Let us further suppose that both did so die, but that she, Mabel Darragh Jenkins, at her death, left other children. In that event, we would have one clause of the sentence giving her estate to her brother or his heirs, and another clause declaring that such other children should inherit it. These provisions would in such event destroy each other, and the whole paragraph become confused, contradictory, and of no effect. Such situation could not have been intended by the testatrix. Such construction must be given this paragraph as will not only make it consistent in itself, and consistent with the will as a whole, but as will also make it effective to carry out the will and purpose of the testatrix. We think this paragraph should be construed as though it read as above set out.

There is nothing in this paragraph or elsewhere in the will to indicate an intention to limit the estate devised to Mabel Darragh Jenkins in paragraph 1 of said will to one for life only, unless such limitation is necessarily implied from the provision that her children (if she leaves any) shall inherit her estate share and share alike, and unless the use of the word "children" necessarily vests a remainder in fee in such children, if any.

[13] The devise to Mabel Darragh Jenkins by paragraph 1 of said will is absolute. The estate therein devised is described by the testatrix as "all of my estate, real, personal and mixed, choses in action, bonds and securities and moneys." It will not be presumed that she intended that her children should take a mere life estate in such property. Life estates in "choses in action, bonds, securities and moneys" are not favored, and

the testatrix will not be held to have so intended, unless such intention is clearly and unequivocally expressed. 23 R. C. L. pp. 491, 492, and 495.

[14] It is true the testatrix says "that, in case Mabel Darragh Jenkins at her death shall leave children, her children shall inherit her estate share and share alike. While the term "children" is ordinarily one of purchase, importing only immediate descendants, it is not always so, but may be construed as a term of limitation and the equivalent of heirs, heirs of the body, or issue, in its broad sense of a succession of lineal descendants, when the instrument to be construed as a whole justifies or requires such construction. 28 R. C. L. p. 250; Winfree v. Winfree (Tex. Civ. App.) 139 S. W. 36, 40, 41 (writ refused); Hopkins v. Hopkins, 103 Tex. 15, 18 (bottom of page 18) 122 S. W. 15; Doe v. Webber, 1 Barn. & Ald. 713; Childers v. Logan (Ky.) 65 S. W. 124; Hood v. Dawson, 98 Ky. 285, 33 S. W. 75, 17 Ky. Law Rep. 880; Mosby v. Paul, 88 Va. 533, 14 S. E. 336; Smith v. Fox, 82 Va. 763, 1 S. E. 200.

[15, 16] If "children," as used in the paragraph, is construed literally, it excludes grandchildren, or issue generally. 2 Words and Phrases, pp. 1138, 1139. So construed, this paragraph would provide that, in event John Darragh Barmore died before his mother, but left children surviving him, notwithstanding they should survive his mother, her estate should be taken away from them and given to the heirs of her brother John. Such disposition of her estate would not be in harmony with the spirit of the paragraph under consideration, nor the spirit of the will as a whole. We think that it reasonably appears that the primary purpose of the testatrix in inserting these two paragraphs in her will was to provide that the property devised in paragraph 1 should be kept in the family, and that, in case of the death of one of plaintiffs in error without bodily heirs, the other should succeed to his or her share of such property. She does not in terms devise a remainder to the children of Mabel Darragh Jenkins. She does not use words of gift, bequest, or devise in providing for their succession to the property, but, on the contrary, declares they shall receive the same by inheritance. They can only inherit the same as heirs of their mother. Her children would inherit share and share alike if all were living, but, if some should be dead,

leaving descendants, they would take, under the law of inheritance, the share of their deceased parent. The law favors that construction of a will which conforms most nearly to the general laws of inheritance. 28 R. C. L. p. 230; In re Shumway, 194 Mich. 245, 160 N. W. 595, L. R. A. 1918A, 578; Murdoch v. Bilderbach, 125 Mich. 45, 83 N. W. 1007. We think "children," as used in this paragraph, should be construed to mean heirs of the body of Mabel Darragh Jenkins. This construction makes paragraph 5 substantially the counterpart of paragraph 4 and harmonizes all the provisions of the will.

[17] We think that Mabel Darragh Jenkins took under the will an estate in fee in the property described in paragraph 1 thereof, defeasible, however, upon the happening of the stipulated contingency, to wit, the death of her living child, John Darragh Barmore, and her death thereafter without leaving any living heirs of her body, in which event the executory devise over to her brother will take effect.

It follows from the above holdings that plaintiffs in error are vested with such power of disposition as is given by law to holders of an estate in fee, defeasible by a devise over upon the contingencies stipulated in the will.

We recommend that the judgments of the trial court and Court of Civil Appeals both be reversed, and that judgment be here entered declaring that John Greenleaf Darragh took an estate in fee in an undivided one-half of the property described in paragraph 1 of said will, defeasible, however, by an executory devise over to his sister, in event he shall die before she does and leave no bodily heirs surviving him, and that Mabel Darragh Jenkins took an estate in fee in an undivided one-half of the property described in paragraph 1 of said will, defeasible, however, by an executory devise over to her said brother, or his heirs, as above stated, in event she shall die without leaving heirs of her body (which includes John Darragh Barmore and heirs of his body, if any) surviving her.

CURETON, C. J. Judgments of the Court of Civil Appeals and district court both reversed, and judgment rendered construing will as recommended by the Commission of Appeals.