Melvin KILLOUGH et al., Appellants,

v.

Thelma Killough SHAFER et vir, Appellees.

No. 16341.

Court of Civil Appeals of Texas.

Fort Worth.

June 22, 1962.

Rehearing Denied July 13, 1962.

Balford Morrison, Irving, Virgil R. Sanders, Jr., and Wm. Andress, Jr., Dallas, for appellants.

C. O. McMillan, Stephenville, for appellees.

BOYD, Justice.

James L. Killough died leaving a will, the material provisions being as follows:

"* * * I wish all of my property to go to my wife Thelma and that she be appointed administrator without bond, but that she pay all of my just debts.

"It is also my intention after Thelma and I are both dead if there is any estate left that my part of such estate shall be apportioned to my nephew Melvin Killough and to my neice Naomi Alspaugh in equal parts, or if they shall be dead, to their children such children to heir his parents part.

"This date 225 acres in Hood County. This date 20 acres in Hidalgo County."

His surviving wife, Thelma Killough Shafer, joined by her husband Milton Shafer, sued for a construction of the will, and filed a motion for summary judgment declaring that the property of said decedent passed under said will absolutely and in fee simple to Mrs. Shafer; or, in the alternative, for judgment declaring that Mrs. Shafer is authorized to sell and dispose of all or any part of the property, and to make deeds and conveyances thereof and pass fee simple title thereto during her lifetime.

The court granted a summary judgment, construing the will as passing all the property of the decedent to Mrs. Shafer with power of disposition, and declaring that she is authorized to sell and dispose of all

or any part of the property and to make deeds and conveyances passing fee simple title thereto.

The defendants, Melvin Killough and Naomi Alspaugh and her husband Johnny Alspaugh, have appealed.

We think the trial court correctly construed the will.

 It is clear that the first paragraph of the will makes an absolute devise of the property to decedent's wife. Such being the case, before the other paragraph can be held to reduce the estate so granted, the intention that it should have such effect must clearly appear. Darragh v. Barmore, Tex.Com.App., 242 S.W. 714. And where there is a provision that upon some contingency the estate given is passed to another, the law favors the first taker and will construe the words so as to grant to the first taker the greatest estate which they, by a fair construction in harmony with the will as a whole, are capable of passing. Hughes v. Titterington, Tex.Civ. App., 168 S.W. 45, error refused; Hancock v. Butler, 21 Tex. 804; Thomson v. Schryver, Tex.Civ.App., 159 S.W.2d 955.

In McClure v. Bailey, Tex.Civ.App., 209 S.W.2d 671, the will under construction bequeathed to testator's wife "should she survive me, all the property real personal and mixed of which I, may die siezed or possessed of, or to which I may be entitled to at the time of my decease, and in the event of the death of both of us, then in that event, then all the rest residieu and remainder of my estate, real personal, and mixed, of which I may die siezed or possessed of or which I may be entitled to after the death of my beloved wife, and myself, if any of my said estate is left, then I give and bequeath all my said interest in my said estate" to his sisters.

It was held that the will gave the wife a defeasible or conditional fee so that the sisters would be entitled to any property of which the wife died possessed, but they were not entitled to the proceeds of property sold by the widow.

 We do not believe that the second paragraph of the will in the case at bar is ambiguous or that it cuts down the estate granted by the first paragraph, except to provide for a defeasible or conditional fee. But if it is ambiguous and uncertain it cannot be interpreted so as to limit or defeat the clear and complete grant of the first paragraph. Where the first clause of a will in clear and unambiguous language bequeaths to one devisee all the property of which the testator dies possessed, such estate so given cannot be disturbed, cut down, or diminished by a subsequent clause, which is uncertain and ambiguous in its meaning. Thomson v. Schryver, supra; Gilliam v. Mahon, Tex.Com.App., 231 S.W. 712.

The judgment of the trial court is affirmed.