Myrtle ROBERTS et al., Appellants,

**v.**

Harold C. DRAKE, Individually and as Executor of the Estate of Bird L. Drake, Deceased, and as the Administrator of R. S. Drake, Deceased, the Estate of R. S. Drake, Deceased, and W. C. Drake, and Mary E. Drake, Appellees.

No. 16340.

Court of Civil Appeals of Texas.

Dallas.

May 8, 1964.

Rehearing Denied June 26, 1964.

Turner, Rodgers, Winn, Scurlock & Terry, John H. McElhaney and Jerry N. Jordan, Dallas, for appellants.

Bruce Graham, Greenville, for appellees.

WILLIAMS, Justice.

The primary question presented by this appeal is a proper construction to be placed on the holographic will of Bird L. Drake, deceased. Harold C. Drake, as executor of the estate of Bird L. Drake, deceased, brought this action in the district court seeking judicial construction of the will, but advocating no particular construction. Appellants (being named beneficiaries in the will) requested the trial court to construe the will so as to uphold the specific legacies in the will. Since the will contains certain bequests to charitable beneficiaries the Attorney General of Texas intervened pursuant to Art. 4412a, Vernon's Ann.Civ. St.[1] Appellees, W. C. Drake and Mary E. Drake, are the surviving parents of R.S. Drake, deceased,[2] the husband of Mary E. Drake, deceased. These appellees requested that the will be construed so as to vest title to all her property absolutely in R. S. Drake so that they, as sole heirs of R. S. Drake, would take such property through R. S. Drake, who died intestate.

Following a non-jury trial the district judge decreed that under the will of Bird L. Drake, deceased, her entire estate vested in R. S. Drake as sole beneficiary; that R. S. Drake died intestate; and that W. C. Drake and wife, Mary E. Drake, being the natural mother and father of R. S. Drake, deceased, are the persons who are entitled to receive the estate of R. S. Drake, deceased, under the provisions of Section 38 of the Texas Probate Code, V.A.T.S. From this judgment appellants bring this appeal.

1. The Attorney General is not a party to this appeal since by settlement, not otherwise relevant, the appellees have agreed to honor the charitable bequests.

2. R. S. Drake and Seward Drake are one and the same person.

By their first point appellants contend that the trial court erred in failing to hold that the will passed title to appellant beneficiaries because the will passed a conditional or defeasible fee to the surviving husband with the remainder to the individual and charitable beneficiaries named therein. In the alternative, they contend that the will passed a life estate to the husband with the remainder to the individual and charitable beneficiaries. By their second point appellants contend that the will itself constituted evidence of a contract between the husband and wife, enforceable in equity, to accomplish their testamentary plan despite the fact that the instrument itself cannot, for lack of the statutory witnesses, be admitted to probate as the husband's will. We have concluded that both of these points are without merit and that the decree of the trial court must be affirmed.

## FACTS

The facts are brief and undisputed. R. S. Drake and Bird L. Drake were husband and wife. They had no children. On June 4, 1962 Bird L. Drake wrote a will in her own handwriting obviously intended to be a joint and mutual will of herself and her husband, R. S. Drake. The relevant portions of the will are copied verbatim, as follows:

"We, Seward and Bird L. Drake, being of Sound Mind, do this day, June 4th 1962 make our last will and testament.

"In case of accident or death of either the surving one is sole Beneficiary. If both are deceased due to accident or natural causes, Harold C. Drake, Commerce, Texas, is to be executator of ~~this will~~ the Estate of Seward and Bird Drake."

(Next follows thirty-nine handwritten lines containing specific bequests to the appellants and the named charities.)

Bird L. Drake signed this will. R.S. Drake signed the will. No witnesses' names appear on the will. One week later both spouses were involved in a fatal head-on automobile collision. Bird L. Drake died in the collision on June 11, 1962. R. S. Drake died as a result of the collision on June 17, 1962. The will was duly admitted to probate in the County Court of Hunt County, Texas as the last will of Bird L. Drake. R. S. Drake died intestate and Harold C. Drake is the duly appointed and qualified administrator of the estate of R. S. Drake, deceased.

## OPINION

Our footsteps on the pathway leading to the proper construction of this will are guided by legal principles which have been illuminated by lamplighters of the past.

■ 1. The first, and most important, guidepost is the ascertainment of the intent of the testator, or testatrix in this case, and then to enforce such intent if it is not unlawful. 44 Tex.Jur. 680–681, § 134, and cases therein cited.

■ 2. If the intention of the testator be not clearly expressed by the particular language used it may be found by looking to the provisions of the will as a whole and to the circumstances surrounding its execution. Guilliams v. Koonsman, 154 Tex. 401, 279 S.W.2d 579, 57 A.L.R.2d 97; Republic National Bank of Dallas v. Fredericks, 155 Tex. 79, 283 S.W.2d 39.

■ 3. A will should be construed, when possible, so as to render the instrument and all of its provisions consistent and harmonious. Accordingly, the court will attempt to reconcile conflicting, inconsistent and repugnant provisions of the will if it is possible to do so. If the provisions are so inconsistent or contradictory that all cannot be given effect, then such of them should be ignored and others given effect as seems most nearly to comport with the intention of the testator as gathered from

the entire instrument. Thus principal and subordinate provisions should be construed in their due relation. 44 Tex.Jur. 711–714, §§ 150, 151.

4. Wills are accorded a very liberal construction. Considerable latitude is allowed in respect to the informality with which the testator may have expressed his intention and in this connection liberal allowance is made for mere awkwardness in the use of words in their exact sense and in the structure of sentences, for the purpose of attaining the real intention of the testator. 44 Tex.Jur. 700, § 142; Gilky v. Chambers, 146 Tex. 355, 207 S.W.2d 70.

5. Where a will contains a provision that upon a certain contingency an estate given to one shall pass to another, the law favors the first taker, and the testator's language shall be construed so as to grant such taker the greatest estate which, by fair construction, it is capable of passing. 44 Tex.Jur. 703, § 145; Hancock v. Butler, 21 Tex. 804; Darragh v. Barmore, Tex.Com. App., 242 S.W. 714.

6. If it does not clearly appear from the language of the will that a less estate was intended to be created the devise will be deemed to be a fee simple. Pritchett v. Badgett, Tex.Civ.App., 257 S.W.2d 776, wr. ref. In this connection the rule that every part of a will must be given effect, if possible, is subordinate to the rule that a devise shall be deemed a fee simple, unless limited by express words. Winfree v. Winfree, Tex.Civ.App., 139 S.W. 36, wr. ref.

7. It is the duty of a court not only to construe the will as creating a vested estate, if possible, but also to adopt the construction which will permit the earliest vesting of title in the first taker. In the event of repugnancy, that construction is favored which admits of immediate vesting of the entire estate; and when the will, fairly construed, leaves the question in doubt, the doubt will be resolved in favor of the vesting of the title at the earliest possible moment, so as to avoid a conflict with the rule against perpetuities and to uphold the will. 44 Tex.Jur. 737–738, § 172; Jones' Unknown Heirs v. Dorchester, Tex. Civ.App., 224 S.W. 596; Feegles v. Slaughter, Tex.Civ.App., 182 S.W. 10, err. ref.; Anderson v. Menefee, Tex.Civ.App., 174 S.W. 904, err. ref.

8. When a person dies, leaving a lawful will, all his estate devised or bequeathed by such will shall vest immediately in the devisees or legatees. Section 37, Probate Code of Texas.

9. Every estate in lands which shall be granted, conveyed or devised to one shall be deemed a fee simple, if a less estate be not limited by express words or do not appear to have been granted, conveyed or devised by construction or operation of law. Art. 1291, V.A.C.S.

Being ever mindful of these definite rules of construction, we now turn to a consideration of the will before us. The immediate approach to this problem is rendered more difficult because it was obviously intended by both Mr. and Mrs. Drake that the will be a joint and mutual will and she, being the scrivener, utilized the plural verbiage. Since the effort to create a valid joint and mutual will obviously failed because of lack of necessary witnesses to Mr. Drake's signature, and since we are admittedly dealing only with the acknowledged valid will of Mrs. Drake, we must pierce the plural verbiage and view the same in its singular form. Although we are keenly conscious of the mandate of the law which precludes courts from rewriting the will of a testator, we do not feel that we do violence to this rule when we attempt to substitute the singular verbiage for the plural language utilized by Mrs. Drake. When we do so the first sentence in controversy, "In case of accident or death of either the surviving one is sole Beneficiary," would logically read, "In the event of my death, and my husband is living, then he is to be my sole beneficiary." The second sentence in controversy, "If

both are deceased due to accident or natural causes, Harold C. Drake, Commerce, Texas is to be executor of my estate," would logically read, "If I should die, and my husband is not living, Harold C. Drake, Commerce, Texas is to be executor of my estate."

It is quite obvious that the phrase, "In case of accident," contained in the first controversial sentence in the will amounts to an unnecessary and meaningless phrase inasmuch as the will would not, as a matter of law, become effective upon a contingency such as accident alone. So we may legitimately ignore the phrase since it has no legal meaning.

 Since all parties agree that R. S. Drake was living at the time of Mrs. Drake's death, the question of testamentary intent as revealed by her will is clearly presented. Appellees contend that since Mr. Drake was the "surviving one" then immediately upon Mrs. Drake's death all of her property passed to him as "sole beneficiary." Appellants admit that pursuant to Sec. 37, Probate Code of Texas, Mrs. Drake's estate did vest immediately upon her death but argue that the estate so vested was less than that of fee simple. We observe no express or specific language in the will indicating that Mr. Drake would take only a life estate in the event he survived his wife. The first sentence is clear and explicit that Mr. Drake, being the survivor, is "sole beneficiary." We believe that the phrase "sole beneficiary" argues forcefully against the idea of a life estate or defeasible fee to remaindermen in the event the husband survives the wife. It is quite apparent to us that the bequest to the named beneficiaries is conditional, as provided in the second sentence of the will, which limits these bequests only in the event that "both are deceased." This could only mean that Mrs. Drake did not intend for the named beneficiaries, appellants here, to take her property unless her husband had died prior to her death. This contingency is not present in this case. Inasmuch as the condition that R. S. Drake be dead before the

alternative bequest became operative, and since Mr. Drake was not dead when his wife died, then it must necessarily follow that the conditional bequest named in the second sentence of the will never became operative.

In our opinion the first sentence of this will is clear and unambiguous. If any doubt or uncertainty exists it is with reference to the second sentence. Appellants' contention that a life estate or defeasible fee was created by this second sentence, being in itself vague and doubtful, runs counter to the established law of our state.

In Winston v. Griffith, Tex.Civ.App., 108 S.W.2d 745, affirmed 133 Tex. 348, 128 S.W. 2d 25, the court said:

"But an express bequest or devise cannot be cut down by a subsequent clause of doubtful meaning and an estate granted in plain and unequivocal language in one clause of a will therefore cannot be lessened or cut down by a subsequent clause, unless the language therein is as clear, plain and unequivocal as that in the first grant."

In Gilliam v. Mahon, Tex.Com.App., 231 S.W. 712, the court said:

"Where the first clause of a will in clear, unambiguous language gives and bequeaths to one devisee all the property real and personal of which the testator dies possessed, such estate so given cannot be disturbed, cut down, or diminished by a subsequent clause, which is uncertain and ambiguous in its meaning."

In Phillips v. Currie, Tex.Civ.App., 246 S.W.2d 257, the court said: Where a paragraph of the will expresses a gift in absolute terms, the takers are held to have been vested with the fee unless another paragraph clearly discloses testator's intention to limit the estate thus devised, and that in construing a will the largest estate the language is capable of conveying must be accepted over that of a lesser estate, unless an intention to the contrary is clearly shown.

These decisions merely illuminate the provisions of Art. 1291, V.A.C.S. which expressly states that the estate devised shall be a fee simple estate unless limited by express words. In this connection see Cartwright v. Trueblood, 90 Tex. 535, 39 S.W. 930; Killough v. Shafer, Tex.Civ.App., 358 S.W.2d 748; Weidner v. Crowther, 157 Tex. 240, 301 S.W.2d 621; Rae v. Baker, Tex.Civ.App., 38 S.W.2d 366; Pythian Home for Orphans at Weatherford, Texas v. Barrow, Tex.Civ.App., 346 S.W.2d 426; Wenzel v. Menchaca, Tex.Civ.App., 354 S.W.2d 635.

In our opinion the clear and express devise of fee title to Mrs. Drake's property which passed to her surviving husband upon her death was not limited by clear and express words sufficient to create a life estate of defeasible title as contended by appellants. Accordingly, in view of these authorities, and clear rules of construction, we hold that the trial judge correctly construed the will of Bird L. Drake, deceased.

██ Appellants' second point, wherein they contend that the will of Bird L. Drake, deceased, constituted evidence of a contract between the spouses to accomplish their testamentary plan, and therefore such will should be admitted to probate as the husband's will, runs directly counter to the decision of our Supreme Court in Graser v. Graser, 147 Tex. 404, 215 S.W.2d 867. In that case, as here, a will was signed by the husband and wife, but not properly witnessed for the wife. The identical contention was there urged to the effect that the incomplete instrument amounted to a contract or agreement to make a will and should be enforced in equity. The Supreme Court denied this contention and in doing so relied upon the case of Ireland v. Jacobs, 114 Colo. 168, 163 P.2d 203, 161 A.L.R. 1413, by the Supreme Court of Colorado, involving facts substantially the same as those in this case. The Supreme Court of Colorado relied essentially upon failure of consideration in denying the theory of contract. To the same effect see Puckett v. Hatcher,

307 Ky. 160, 209 S.W.2d 742, and Spinks v. Rice, 187 Va. 730, 47 S.E.2d 424.

In Upson v. Fitzgerald, 129 Tex. 211, 103 S.W.2d 147, our Supreme Court held that the cases are in agreement in holding that the mere execution of a will or the insertion in a will of a particular devise or bequest, is not sufficient proof of the existence of a contract to make a will or a devise. See also Pullen v. Russ, Tex.Civ.App., 226 S.W.2d 876, and Taylor v. Taylor, Tex.Civ.App., 281 S.W.2d 232, which denied the contractual theory urged by appellants here.

Finding no error requiring reversal of the trial court's judgment, we affirm the same.

Affirmed.