Paul OBRECHT et al., Appellants,

v.

Francis OBRECHT et al., Appellees.

No. 7407.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 19, 1964.

Rehearing Denied Nov. 30, 1964.

Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, Marshall Sherwood, Panhandle, for appellants.

Carnahan & Fields, Amarillo, for appellees.

NORTHCUTT, Justice.

This is a declaratory judgment action brought by Paul Obrecht and Elsie Obrecht Lusk, appellants herein, against Francis Obrecht, Dora Belle Obrecht Moore, Edna Obrecht Williams, Anna Obrecht, surviving wife of Fred Obrecht, and Dora Elsie Obrecht, individually and as executrix of the estate of William Henry Obrecht, appellees herein, to have the court construe the will of William Henry Obrecht. After all the evidence was in and all parties had rested and closed, the court dismissed the jury and rendered judgment holding the will devised Section 15, Block M–4 of the J. H. Gibson survey in Carson County, Texas, to Dora Elsie Obrecht for life; and at her death, to descend and pass to Francis Obrecht and Dora Belle Obrecht Russ (Moore), share and share alike. From that

judgment the appellants perfected this appeal.

William Henry Obrecht was married to Lodella Rush in 1904. Five children were born to this marriage: Fred, Paul, Elsie, and two children who died in infancy. Mrs. Lodella Obrecht died in 1916 intestate and was survived by her husband, William Henry Obrecht, and by Fred, Paul, Elsie, and Edna Rush, Mrs. Obrecht's daughter by a former marriage. At the time of the death of Mrs. Obrecht in 1916, she and Mr. Obrecht owned the west half of Section 33; east half of Section 37; all of Section 15; all of Section 18; and the northeast quarter of Section 19; all in Block M–4 of the John H. Gibson survey in Carson County, Texas. Later a full settlement was had with Fred, Paul, Elsie, and Edna as to their interest in their mother's estate. Fred was deeded the south half of Section 18; Paul was deeded the west half of Section 33; and Elsie the east half of Section 37. Edna received cash for her share of her mother's estate.

In 1925 William Henry Obrecht married Dora Elsie Holcomb. Three children were born of this marriage: Francis, Dora Belle, and a child who died in infancy. Since the sole issue here covers the interpretation as to the conflict in Paragraphs 3 and 4 of the will, we overrule appellants' points 6 and 7 contending the court erred in not submitting the disputed facts to the jury as we see no issue of fact to be determined by a jury.

Sections 3 and 4 of the will in question are as follows:

"3. And we further provide, will and devise, that in the event of the death of the husband before the wife, all of that certain lot, tract or parcel of land, described as Section No. 15, Blk. M–4, is to descend to the wife, Dora Elsie Obrecht, for and during her natural life, and upon her death to our children, Francis Obrecht and Dora Belle Obrecht-Russ, share and share alike.

"4. And it is further provided with reference to the land described as the N.½ Sec. No. 18 and the NE ¼ of Sec No. 19, Blk. M–4, that in the event of the death of the said husband before the said wife, said property shall descend to and vest in the wife for a period of two years after the death of the said husband, and thereafter shall descend and pass as follows: To our son, Paul Obrecht and daughter, Edna Obrecht Williams, all of the N.E. ¼ of said Sec. 19, share and share alike; and to Fred Obrecht, our son, and Elsie Obrecht-Lusk, our daughter, the NW. ¼ and the N.E. ¼, respectively of said Sec. 18, and the remainder of Sec. No. 15, Blk M–4, after the death of both of us, share and share alike. The above provisions as to the NE ¼ Sec. 19 and the N. ½ of Sec. 18 shall apply only to the surface or fee title, and all mineral rights under said land shall pass to and vest in fee simple in our said children, Elsie Lusk, Francis Obrecht, Paul Obrecht, Dora Belle Russ and Fred Obrecht, share and share alike."

■ It is the contention of appellants that the will should be construed as giving Section 15 to Francis Obrecht, Dora Belle Obrecht Russ, Fred Obrecht, and Elsie Obrecht Lusk, share and share alike, after the death of Dora Elsie Obrecht. Fred Obrecht is deceased. Fred's wife, Anna, disclaimed any interest in the property here involved. There were eight acres originally a part of Section 15 but had been cut off from the section by the railroad right-of-way and also the highway, which was sold by the deceased after the will was made. If we were to interpret the word "remainder" as shown in Paragraph 4 of the will as contended by appellants, it would change the entire effect of Paragraph 3 of the will. Under Paragraph 3, Section 15 was willed and devised to Francis Obrecht and Dora Belle Obrecht Russ (Moore) upon the death of Dora Elsie Obrecht. There would be no remainder as Francis and Dora owned it all if Para-

graph 3 is to be considered in its correct interpretation. If the intention of the testator be not clearly expressed by the particular language used, it may be found by looking to the provisions of the will as a whole and to the circumstances surrounding its execution. Republic Nat. Bank of Dallas v. Fredericks, 155 Tex. 79, 283 S.W. 2d 39.

■ This record shows that the appellants, as well as the other children, had received their portion of the deceased's land and all that Francis Obrecht and Dora Belle Obrecht Russ (Moore) received was Section 15 after the death of their mother. This would make each child of the deceased receive at least one half section of land. Some received more. In our opinion Paragraph 3 of this will is clear and unambiguous and gave and bequeathed Section 15 to Francis Obrecht and Dora Belle Obrecht Russ (Moore).

The general rules governing wills as here involved have been well established by adjudicated cases as follows:

"Where, as in this case, there is a provision that upon a certain contingency the estate given shall pass to another, the law favors the first taker and will construe the words of the will to grant to the first taker the greatest estate which they, by a fair construction in harmony with the will as a whole, are capable of passing." Darragh v. Barmore, Tex.Com.App., 242 S.W. 714, 716; Renner et al. v. German, supra. "It is elementary that if it does not clearly appear from the language of the will that a less estate was intended to be created the devise will be deemed to be in fee simple." Pritchett v. Badgett, Tex.Civ.App., 257 S.W.2d 776, 777 (wr. ref.).

"The rule that every part of a will must be given effect, if possible, is subordinate to the rule that a devise shall be deemed a fee simple, unless limited by express words." Winfree v. Winfree,

Tex.Civ.App., 139 S.W. 36, 37 (wr. ref.).

See also the cases of Gilliam v. Mahon, Tex.Civ.App., 231 S.W. 712 and Roberts v. Drake, Tex.Civ.App., 380 S.W.2d 657.

We are of the opinion, and so hold, that this will under Paragraph 3 intended and did devise and bequeath to Francis Obrecht and Dora Belle Obrecht Russ (Moore) Section 15 in fee simple and were entitled to the greatest estate, which their parents were capable of passing.

If it does not clearly appear from the language of the will that a lesser estate was intended to be created, a devise will be deemed to be in fee simple. Article 1291 T.C.S.; Pritchett v. Badgett, Tex. Civ.App., 257 S.W.2d 776 (writ refused). Consequently, that portion of Section 4 of the will as to Section 15 would be of no effect, and the appellees, Francis Obrecht and Dora Belle Obrecht Russ (Moore), are entitled to Section 15 and we overrule all of appellants' assignments of error.

Judgment of the trial court is affirmed.