**Jackson M. NORRIS, Appellant,**

v.

**METHODIST HOME, Appellee.**

**No. 4982.**

Court of Civil Appeals of Texas, Waco.

March 4, 1971.

Rehearing Denied March 18, 1971.

Dunnam, Dunnam & Dunnam, Fred Horner, Waco, for appellant.

J. Robert Sheehy, Waco, for appellee.

## OPINION

WILSON, Justice.

The question in this action to construe a will is whether testatrix devised to her husband a fee simple or a life estate. The trial court determined a life estate was so granted. We affirm.

The probated will is as follows:

"Waco, Texas Oct. 22–1953. To Whom it may concern

"It is my Will and desire that when I am dead my property, my home and all the furnishings at 2216 Lyle Ave., Waco, Texas also all U. S. Saving Bonds in my Bank Box and my checking account at the First Nat'l Bank of Waco, shall become the property of my Husband Jackson M. Norris. That said party shall without Bond execute the following wishes. First give my body an economical burial and pay all bills involved.

"It is also my will and desire that all above mentioned property, at my Husband's (Jackson M. Norris) death shall go to the Methodist Orphans Home at Waco Tex."

Appellant urges the rule that where an estate is devised, a fee simple is favored, and if there is ambiguity as to any attempted limitation, the larger estate will vest. We recognize the rule, but in our opinion no ambiguity exists, and there is no need to resort to the rules of construction applicable where the will is ambiguous.

We are required to construe the will so as to give effect to all its provisions, and it will be viewed in its entirety rather than in isolated segments. Frame v. Whitaker, 120 Tex. 53, 36 S.W.2d 149 (1931); Bergin v. Bergin, 159 Tex. 83, 315 S.W.2d 943 (1958). Appellant's position would require us to ignore half of the dispository provisions.

In our opinion the will, considered as a whole, clearly vests a life estate in the husband, testatrix having unequivocally stated her intention that "at my husband's death" the property "shall go" to the remainderman. Hughes v. Beall (Tex.Civ. App., 1924, writ ref.) 264 S.W. 171, 173; Robison v. Murrell (Tex.Civ.App., 1944, writ ref. w. m.) 184 S.W.2d 529, 532; Benson v. Greenville Nat. Exchange Bank (Tex.Civ.App., 1953, writ ref. n. r. e.) 253 S.W.2d 918; 4 Page, Wills (1961) Sec. 37.28; 37 Tex.Jur.2d, Life Estates, Sec. 5, p. 12.

Affirmed.