Anna Wynelle SMITH, Appellant,

v.

Charles Maurice BYNUM et al., Appellees.

No. 1050.

Court of Civil Appeals of Texas, Tyler.

Nov. 3, 1977.

Rehearing Denied Dec. 1, 1977.

James D. Stevenson, Douglas Riley, Jr., Dallas, for appellant.

George T. Holland, Sammons & Parker, Tyler, for appellees.

MOORE, Justice.

This is a will construction case brought under the provisions of Tex.Rev.Civ.Stat. Ann. art. 2524–1, sec. 4 (1965), the Uniform Declaratory Judgments Act. Appellant, Anna Wynelle Smith, devisee and beneficiary under the terms of the will of her deceased father, Roy E. Bynum, brought suit against her brother, appellee Charles Maurice Bynum, also a devisee under the will, seeking a declaration of the kind, extent and character of the estate in certain real properties devised to her under the will. The provisions of the will sought to be construed read as follows:

"SECOND: I give, devise and bequeath to my son Charles Maurice Bynum, subject to Item 5, the Southwest one-half of the 438 acres of land known as my home place and described by metes and bounds as follows:

. . . . .

"THIRD: I give, devise and bequeath to my daughter, Anna Wynelle Smith, subject to Item 6, the Northeast one-half of my home place and described my (sic) metes and bounds in Item Two hereof. I also give, devise and bequeath to my daughter, Anna Wynelle Smith, the following described tract of land:

Fifteen (15) acres, more or less, out of a Survey sometimes referred to as a part of the W. H. Bynum Survey . . ..

. . . . .

"FIFTH: It is my will, wish and desire and I so herein provide that in case of the death of my son, Charles Maurice Bynum, without leaving bodily heirs, that the property herein above devised to him shall pass to and be vested in my daughter, Anna Wynelle Smith.

"SIXTH: It is my will, wish and desire and I so herein provide that in case of the death of my daughter, Anna Wynelle Smith, without leaving bodily heirs, that the property herein above devised to her shall pass to and be vested in my son, Charles Maurice Bynum."

The trial court entered judgment construing the will to devise in the appellant Anna Wynelle Smith a "life estate with a contingent remainder in the bodily heirs of Anna Wynelle Smith, contingent upon there being bodily heirs surviving the death of the said Anna Wynelle Smith, and upon the failure of bodily heirs to survive the death of Anna Wynelle Smith, then a contingent remainder in the defendant, Charles Maurice Bynum." Appellant, Anna Wynelle Smith, perfected this appeal.

We reverse and render.

Appellant seeks a reversal by seven points of error contending that the trial court erred in construing the devise to her of the property described in the third paragraph of the will as a life estate. She contends that, properly construed, the language indicates that the testator intended to bequeath to her an absolute fee title in the northeast one-half of the home place and the additional fifteen-acre tract. Appellee maintains that the trial court correctly construed the will as devising nothing more than a life estate to appellant.

■ In construing a will one of the cardinal rules of construction is to ascertain the intent of the testator and to effectuate that intent as far as possible. *Haile v. Holtzclaw*, 414 S.W.2d 916, 922 (Tex.1967); *Guilliams [Quilliams] v. Koonsman*, 154 Tex. 401, 279 S.W.2d 579, 581 (1955); *Darragh v. Barmore*, 242 S.W. 714, 716 (Tex.Comm. App.1922).

■ The intention of the testator must be ascertained by viewing the will in its entirety, and, if this can be ascertained from the language of the instrument, then any particular paragraph which, if considered alone, might indicate a contrary intention must yield to the intention manifested by the whole instrument. *Bergin v. Bergin*, 159 Tex. 83, 315 S.W.2d 943, 946–7 (1958); *Darragh v. Barmore, supra*, at 716.

■ Unless the will clearly manifests an intent to convey a lesser title, it will be held to convey an absolute fee title. *Bergin v. Bergin, supra*, at 946; *Obrecht v. Obrecht*, 384 S.W.2d 420, 423 (Tex.Civ.App.—Amarillo 1964, writ ref'd n.r.e.).

■ It is not necessary that the terms "fee simple," "heirs" or any other particular language be used to pass a fee simple title. Tex.Rev.Civ.Stat.Ann. art. 1291 (1962).

Upon applying the foregoing rules of law to the will in question, we think the language used by the testator in paragraph "THIRD" makes it clear that the testator intended an outright bequest in fee simple to his daughter, Anna Wynelle Smith, in

and to the northeast one-half of the home place, as well as the fifteen-acre tract.

In 22 Tex.Jur.2d *Estates* sec. 7 (1961) at 650, it is stated:

"Although an estate in fee simple is granted, the estate may be limited by a subsequent valid provision that the estate shall go over to others on the happening of a certain contingency. The estate, when so limited, is still a fee, for the reason that it will last forever if the contingency does not happen, but so long as it is possible that the contingency may happen, it is a base or determinable fee.

"The taker of a qualified fee enjoys all the rights of a holder of a fee simple absolute, including the power of alienation. His grantee then takes subject to the conditional limitation."

■ A determinable fee, also known by the terms "base," "defeasible," "qualified" and "conditional" fee, is recognized in this state. *Federal Land Bank of Houston v. Little*, 130 Tex. 173, 107 S.W.2d 374 (1937); *Cragin v. Frost Nat. Bank*, 164 S.W.2d 24 (Tex.Civ.App.—San Antonio 1942, ref'd w.o. m.).

This brings us to the question whether the testator in Paragraph "SIXTH" intended to place some limitation or condition on the fee absolute theretofore granted appellant in Paragraph "THIRD" of his will. In the sixth paragraph the testator provided that in the event of the death of the appellant without bodily heirs, the property would pass to and vest in his son, Charles M. Bynum.

■ Where, as in this case, there is a provision stating that upon a certain contingency the estate given shall pass to another, the law favors the first taker and will construe the words of the will to grant to the first taker the greatest estate which they, by a fair construction in harmony with the will as a whole, are capable of passing. *Cragin v. Frost Nat. Bank, supra*, at 29; *Darragh v. Barmore, supra*, at 716.

■ We think the limitation or condition imposed by the sixth paragraph is clear and unambiguous. It simply provides that in

the event of appellant's death, without leaving bodily heirs, the property therein devised to her would pass to and vest in her brother.

We find nothing in the language used in the sixth paragraph or anywhere else in the will that indicates that the testator intended to limit the estate granted to his daughter to one for life only, much less language that requires such construction. The will in question was drawn by the testator's attorney. Had the testator intended to limit the bequest to the appellant to a life estate, we believe he would have done so in expressed language. See *Cragin v. Frost Nat. Bank,* supra; *Darragh v. Barmore,* supra. We think this construction is clearly shown by the terms of the will itself, and it is further compelled by the rule that the first taker must be given the greatest possible estate consistent with the fair construction of the will.

Accordingly, the judgment of the trial court is reversed and judgment is here rendered declaring that Anna Wynelle Smith take an estate in fee in the property described in Paragraph "THIRD" of her father's will, defeasible, however, by an executory devise over to her brother in the event she shall predecease him and leave no bodily heirs surviving her.

Reversed and rendered.