Rhobbin L. COOLEY a/k/a Rhobbin Laverne Jebbia, Appellant,

v.

Marilyn L. WILLIAMS, Appellee.

No. 01–00–00667–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 9, 2000.

Rehearing Overruled Dec. 6, 2000.

M. Jimmy Walker, Houston, for Appellant.

George W. Wilhite, Paul P. Regnier, for Appellee.

Panel consists of Justices COHEN, NUCHIA, and SMITH.*

## OPINION

MURRY B. COHEN, Justice.

Rhobbin Cooley (a/k/a Rhobbin Jebbia) appeals an order admitting the holographic will of her grandmother, Lillian McKee ("decedent"), to probate as a muniment of title and construing that will as conveying no interest to Cooley. We reverse and render.

## Background

Decedent left the following holographic will:

> If I die all my possions [sic] go to my husband Paul Odis McKee and when he dies everything goes to Rhobbin LaVern Jabbia [sic]. Written by Lillian E. McKee (wife).

She was survived by her husband and two daughters, Margaret Elkund (Cooley's mother) and Marilyn Williams, both of whom are still alive. Decedent's husband died intestate fewer than two weeks after decedent's death. Cooley filed an application to probate decedent's will and to be appointed independent administrator. Williams contested it. After a hearing, the trial judge admitted the will to probate as a muniment of title, construed it to convey decedent's estate in fee simple absolute to decedent's husband with no "remainder" interest to Cooley, and ordered the estate's assets delivered to the administrator of decedent's husband's estate. Cooley appeals.

* The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First District of

## Discussion

In her sole issue, Cooley contends the trial judge erred in construing the will to convey a fee simple absolute interest to her grandfather. Instead, Cooley claims the will gave her grandfather a life estate, albeit with full power to dispose of the property during his lifetime, and a contingent remainder interest in herself. While we agree the judge erred, we disagree with Cooley's characterization of the devise.

## 1. Construction Rules

■ We look for the testator's intent as revealed in the language of the whole will. *Welch v. Straach,* 531 S.W.2d 319, 321 (Tex.1975); *see also Kelley v. Marlin,* 714 S.W.2d 303, 305 (Tex.1986) (testator's intent single most important factor). We harmonize all provisions if at all possible to give effect to that intent. *Welch,* 531 S.W.2d at 322. We presume decedent placed nothing superfluous or meaningless in her will and that she intended every word to play a part. *Marlin v. Kelly,* 678 S.W.2d 582, 587 (Tex.App.—Houston [14th Dist.] 1984), *aff'd,* 714 S.W.2d 303 (Tex. 1986). "Generally, the greatest estate will be conferred on a devisee that the terms of the devise permit; and when an estate is given in one part of a will, in clear and decisive terms, it cannot be cut down or taken away by any subsequent words that are not equally clear and decisive ... an estate clearly given in one part of a will cannot be disturbed by a subsequent clause which is ambiguous to uncertain in its meaning." *Benson v. Greenville Nat'l Exch. Bank,* 253 S.W.2d 918, 919 (Tex.Civ. App.—Texarkana 1952, writ ref'd n.r.e.); *see also Gilliam v. Mahon,* 231 S.W. 712, 713 (Tex.App.1921). Unless a lesser estate is created by express words or operation of law, we read a devise to be in fee simple absolute. *Benson,* 253 S.W.2d at 922; *see*

Texas at Houston, sitting by assignment.

*also* Tex.Prop.Code Ann. § 5.001(a) (Vernon 1984) (for real property).

## 2. Applicable Estates

■ A "fee simple absolute" is an estate over which the owner has unlimited power of disposition in perpetuity without condition or limitation. *Walker v. Foss*, 930 S.W.2d 701, 706 (Tex.App.—San Antonio 1996, no writ).

■ An "executory limitation" is an event which, if it occurs, automatically divests one of devised property. *Deviney v. NationsBank*, 993 S.W.2d 443, 448 (Tex. App.—Waco 1999, pet. denied). A fee simple estate subject to an executory limitation is called a "determinable fee simple estate." [1] *Id.* This is a fee simple interest in every respect, except that it passes to another if the contingency happens. *Barker v. Rosenthal*, 875 S.W.2d 779, 781 (Tex.App.—Houston [1st Dist.] 1994, no writ). The recipient upon the contingency's happening has an "executory interest." *Deviney*, 993 S.W.2d at 448–49.

■ A life estate is created by words showing intent to give the right to possess, use, and enjoy the property during life. *See Eversole v. Williams*, 943 S.W.2d 141, 143 (Tex.App.—Houston [1st Dist.] 1997, no writ). Additionally, the life tenant may expressly be given unlimited power to dispose of the property during his lifetime; if such power is exercised, it defeats the remainderman's interest in the disposed-of property. *See Edds v. Mitchell*, 143 Tex. 307, 184 S.W.2d 823, 825 (1945). However, the life tenant may not devise any of that property that remains at her death. *Montgomery v. Browder*, 930 S.W.2d 772, 777 (Tex.App.—Amarillo, writ denied). No particular language is re-quired to make a life estate. *Welch*, 531 S.W.2d at 321.

## 3. Application

■ We hold the will created a determinable fee simple in decedent's husband with an executory interest in Cooley. The first half of the sentence gave decedent's husband a fee simple estate. *See Killough v. Shafer*, 358 S.W.2d 748, 749 (Tex.Civ. App.—Fort Worth 1962, writ ref'd n.r.e.) (holding "I wish all of my property to go to my wife Thelma ..." created "absolute devise"). The second half of the sentence, however, also clearly gave "everything" after the husband's death to Cooley. To read the two halves together—without nullifying the second half and while preserving the greatest estate possible in the first devisee—is to construe decedent's husband's devise as a determinable fee simple. *See Smith v. Bynum*, 558 S.W.2d 99, 101 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.) (holding following language gave daughter determinable fee simple interest, not life estate: "... in case of the death of [the daughter] ... without leaving bodily heirs, ... the property herein above devised [in fee simple to that child] shall pass to and be vested in [the son]."). This is the same as, "If I die all my possessions go to my husband Paul Odis McKee and when he dies everything *remaining* goes to Rhobbin LaVern Jabbia," which is typical language for a determinable fee. *See Killough*, 358 S.W.2d at 749 (in this case on which Williams relies, court held determinable fee simple interest created by following language: "I wish all of my property to go to my wife ... It is also my intention after [we] are both dead if there is any estate left that my part of such estate be apportioned to [other family].").[2] Accord-

---

1. A "determinable" fee simple estate is also known as a "base," "defeasible," "qualified," or "conditional" fee simple estate. *See Smith v. Bynum*, 558 S.W.2d 99, 101 (Tex.Civ. App.—Tyler 1977, writ ref'd n.r.e.).

2. As in *Killough*, a determinable fee devise often uses language like, "When I die, my property goes to A (in fee), and when A dies,

*any property remaining goes to B." See First Nat'l Bank of Corsicana v. DeFoe*, 384 S.W.2d 926, 927–28 (Tex.Civ.App.—Waco 1964, writ ref'd) ("all my estate remaining"); *Harrell v. Hickman*, 147 Tex. 396, 215 S.W.2d 876, 877–78 (1948) ("the remainder of our property, *of which the survivor shall die seized and possessed* "); *Barker*, 875 S.W.2d at 781–82 ("the

ingly, Cooley held an executory interest in decedent's estate: the contingency was her grandfather's dying with some of decedent's property. *See Harrell,* 215 S.W.2d at 878. He did. Therefore, she takes. This reading harmonizes both parts of the sentence; comports with decedent's evident intent, as indicated by naming two sequential devisees with fee simple language applicable to both (and without any language typical of a life estate); and gives the first devisee the greater estate (determinable fee simple, rather than life estate).

Our holding grants Cooley the relief she desires. Nevertheless, we note our respectful disagreement with *Norris v. Methodist Home,* on which Cooley relies, which held that a similarly worded will gave only a life estate with remainder interest. 464 S.W.2d 677, 678 (Tex.Civ. App.—Waco 1971, writ ref'd n.r.e.) ("It is my will and desire that ... my property ... shall become the property of my Husband ... It is also my will and desire that all above mentioned property, at my Hus-

band's death shall go to [a charity]."). The *Norris* court relied on three cases that used much clearer language indicating a life estate than was used in either *Norris* or the present case.[3] Such clearer language is normally used to create a life estate.[4] We disagree with Williams that the only alternative here and in *Norris* is a fee simple absolute to the first devisee.[5] The devise here and in *Norris* should be read to give a determinable fee simple followed by an executory interest. *See Smith,* 558 S.W.2d at 101. There is no other way to read the first devise, which evidences a fee simple interest but does not elsewhere contain life estate language like that in *Hughes, Benson, Robison, Welch, Dougherty,* and *Montgomery,* and still give meaning to the last clause of the will. Williams's construction of the will would render meaningless the words "and when he dies, everything goes to Rhobbin LaVern Jabbia."

Accordingly, we sustain the sole issue, reverse the order, and render an order

---

remains"); *Moore v. Wardlaw,* 522 S.W.2d 552, 561 (Tex.Civ.App.—Austin 1975, writ ref'd n.r.e.) ("So much of said property *as is not disposed of* by my husband during his life time"); *Brack v. Brodbeck,* 466 S.W.2d 600, 602, 603 (Tex.Civ.App.—Texarkana 1971, no writ) ("property then on hand"); *Jones v. Walter,* 423 S.W.2d 180, 181–82 (Tex.Civ. App.—Amarillo 1967) ("then if any property *be remaining in the hands of* [fee simple devisee]"), aff'd, 436 S.W.2d 130 (Tex.1968); *Killough v. Shafer,* 358 S.W.2d 748, 749 (Tex.Civ. App.—Fort Worth 1962, writ ref'd n.r.e.) ("if there is any estate left"); *Tillman v. Mahaffey,* 252 S.W.2d 255, 261 (Tex.Civ.App.—Texarkana 1952, writ ref'd n.r.e.) ("the remaining portion") (emphasis added in all). However, a determinable fee simple has been recognized even without that "remaining property" language. *See Smith,* 558 S.W.2d at 101 (holding devise in fee simple became determinable fee simple when followed by, "in case of the death ... without leaving bodily heirs, ... the property ... shall pass ...."). The decedent's intent controls.

**3.** *See Benson v. Greenville Nat'l Exch. Bank,* 253 S.W.2d 918, 920 (Tex.Civ.App.—Texarkana 1952, writ ref'd n.r.e.) (life estate evidenced by devise that required that stock "remain intact, can neither be sold or traded...."); *Robison v. Murrell,* 184 S.W.2d

529, 530 (Tex.Civ.App.—Amarillo 1944, writ ref'd w.o.m.) (holding grant gave life estate interest when grantee was not permitted to "sell or dispose" of deeded property); *Hughes v. Beall,* 264 S.W. 171, 172 (Tex.Civ. App.—Texarkana 1924, writ ref'd) (holding devise to husband "to use and to hold in any manner he may desire until his death" was life estate, because "use" and "hold" did not grant broad powers of fee simple interest).

**4.** In addition to *Hughes, Benson,* and *Robison,* see, e.g., *Welch,* 531 S.W.2d at 321 ("as long as she live"); *Edds,* 184 S.W.2d at 824 ("for and during her natural life, with remainder as hereinafter provided"); *Dougherty v. Humphrey,* 424 S.W.2d 617, 619–20 (Tex.1968) ("during the life of such survivor"); *Montgomery v. Browder,* 930 S.W.2d 772, 774, 776–77 (Tex.App.—Amarillo, writ denied) ("for her natural life, with remainder over at her decease").

**5.** The *Norris* court considered no other alternative. It stated, "The question in this action to construe a will is whether testatrix devised to her husband a fee simple or a life estate." 464 S.W.2d at 677. Apparently, nobody argued for a fee simple determinable or anything but a fee simple absolute and a life estate.

construing decedent's will to give her husband a determinable fee simple interest and Cooley an executory interest that came into effect upon the husband's death.