NO. 12-01-00028-CV


 

IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS




JIMMIE HUTCHINSON BRYAN § APPEAL FROM THE 402ND

AND MARILYN HUTCHINSON,

APPELLANTS


V.



CALHOUN BRYAN, INDIVIDUALLY,

AND AS TRUSTEE OF THE MOLLIE 

NETTLES BRYAN TRUST, MARY 

BRYAN REITCH, INDIVIDUALLY, § JUDICIAL DISTRICT COURT OF

AND AS TRUSTEE OF THE MOLLIE 

NETTLES BRYAN TRUST, 

NATIONSBANK OF TEXAS, N.A., 

TRUSTEES OF THE MOLLIE 

NETTLES BRYAN TRUST, BRYAN 

HUTCHINSON LANDRY, DENNIS 

BRYAN, GARY LANGFORD 

AND W. CARLOCK,

APPELLEES § WOOD COUNTY, TEXAS





 Jimmie Hutchinson Bryan and Marilyn Hutchinson (collectively "Appellants") appeal the
trial court's judgment interpreting the will of J. M. Bryan in favor of Calhoun Bryan, Individually,
and as trustee of the Mollie Nettles Bryan Trust, Mary Bryan Reitch, Individually, and as Trustee of
the Mollie Nettles Bryan Trust, NationsBank of Texas, N.A., Trustees of the Mollie Nettles Bryan
Trust, Bryan Hutchinson Landry, Dennis Bryan, Gary Langford and W. Carlock (collectively
"Appellees"). Appellants raise one issue on appeal. We affirm.


Background

 The instant case arises out of the construction of the will of J. M. Bryan. During his lifetime,
J. M. Bryan acquired certain real estate (the "land"). Upon his death, the land passed under J. M.
Bryan's will to his wife, Eva Bryan. The language in J. M. Bryan's will pertinent to our discussion
is as follows:


 I give and bequeath to my beloved wife, Eva Viatore Bryan, for her lifetime all of the property of any
and every kind and character which I may own at the time of my death, giving and granting to my said
wife the right to use so much of the income or the corpus of any property which I may own at the time
of my death as she may need to take care of and support her so long as she may live.


 If any property which I may own at the time of my death or any income from my property shall be on
hand at the time of the death of my said wife; then I give and bequeath all of the residue of my estate,
share and share alike to my beloved nephews, F. Y. Hutchinson, Jr., Jimmie Hutchinson Bryan and
to my beloved niece, Mrs. Bryan Hutchinson Graves.



It is undisputed that the language of J. M. Bryan's will created a life estate in the land for Eva Bryan. 
Prior to her death, Eva Bryan executed a deed which purported to convey the full fee simple portion
of the land to certain family members other than the remaindermen set forth in J. M. Bryan's will. 
 Following Eva Bryan's death, Appellants brought this lawsuit seeking to partition the
property. The case was subsequently ordered to mediation. Following mediation, the case was
submitted to the trial court on stipulations, trial briefs and two exhibits. The only disputed issues
before the trial court was the construction of J. M. Bryan's will and the validity of the conveyance
by Eva Bryan. The trial court found that the terms of the will of J. M. Bryan granted a life estate
with limited power of sale to Eva Bryan and entered judgment in favor of Appellees. This appeal
followed.


Interpretation of Clause in Will Granting Life Estate

 An appeal lies from a judgment construing a will. See, e.g., Ellis v. Scott, 58 S.W.2d 194,
197 (Tex. Civ. App.-San Antonio 1933, writ dismissed); Richardson v. McCloskey, 261 S.W. 801,
812 (Tex. Civ. App.-Austin 1924), rev'd. on other grounds, 276 S.W. 680 (Tex. Comm'n. App.
1925). Absent ambiguity, the construction of a will is a question of law. See Thornhill v. Elskes, 
381 S.W.2d 99, 104 (Tex. Civ. App.-Waco 1964, writ ref'd. n.r.e.). The parties do not contend that
any of the language in J. M. Bryan's will is ambiguous. Thus, because the issue is purely a question
of law, we perform a de novo review. See Stewart v. Hardie, 978 S.W.2d 203, 206 (Tex. App.-Fort
Worth 1998, pet. denied), citing Barber v. Colorado Indep. Sch. Dist., 901 S.W.2d 447, 450 (Tex.
1995).

 Wills are to be construed liberally so as to arrive at the intent of the testator and give it effect. 
See Welch v. Straach, 531 S.W.2d 319, 321 (Tex. 1975); Calloway v. Estate of Gasser, 558 S.W.2d
571, 574 (Tex. Civ. App.-Tyler 1977, writ ref'd. n.r.e.); Roberts v. Drake, 380 S.W.2d 657, 660
(Tex. Civ. App.-Dallas 1964, writ ref'd. n.r.e.). In the past, this Court has made the following
observation with regard to the rules governing will construction:


 [A]s has been often observed, a will to be construed is rarely in exactly the same language as another
will construed in any reported case, but usually is a thing unto itself. Accordingly, when the
construction is necessary the court will not adhere rigidly to precedent nor will it arbitrarily follow any
rule save that which commands it to ascertain and effectuate the testamentary intent; while other rules
are observed so far as practical, they are not absolute or controlling. After all, it has been said, each
case must depend upon the ascertainment of the intent of the testator as manifested by the language
of the will.



Calloway, 558 S.W.2d at 574, citing Burton v. King, 459 S.W.2d 663, 667 (Tex. Civ. App.-Tyler
1970, writ ref'd n.r.e.). In our analysis, we will consider the will of J. M. Bryan as a whole, as every
word plays its part. See Cooley v. Williams, 31 S.W.3d 810, 811 (Tex. App.-Houston 2000, no
pet.). No language in a will is superfluous or meaningless. Id.

 The instant case concerns whether the clause granting the life estate allowed for the sale or
disposal of the corpus of the life estate. See Hobson v. Shelton, 302 S.W.2d 268, 272 (Tex. Civ.
App.-Waco 1957, writ ref'd. n.r.e.) (A life estate tenant may not dispose of the corpus of the estate
unless expressly authorized to do so). In his will, J. M. Bryan states that the life estate shall pass to
the remaindermen "[i]f any property which I may own at the time of my death or any income from
my property shall be on hand at the time of the death of my said wife . . . " The indication that J. M.
Bryan's property might not be on hand at the time of his wife's death demonstrates J. M. Bryan's
intent that Eva Bryan be permitted to dispose of that property if she so chose. Thus, we conclude
that the testimentary intent of J. M. Bryan, as evidenced by his will, was to permit his wife, Eva
Bryan, to dispose of the corpus of her life estate if she so chose. Therefore, we hold that the trial
court correctly construed the will of J. M. Bryan.

 The judgment of the trial court is affirmed.

 

 SAM GRIFFITH 

 Justice


Opinion delivered December 21, 2001.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.






















(DO NOT PUBLISH)