In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-212 CV


____________________



IN RE ESTATE OF ELI DAVIDSON






On Appeal from the County Court at Law


Liberty County, Texas


Trial Court Cause No. 10,038






OPINION


 Appellants appeal from the trial court's denial of a bill of review under the Texas
Probate Code. See Tex. Prob. Code Ann. § 31 (Vernon 2003). Eli Davidson died
March 2, 2003. Donna Zeller, a niece, sought to probate a January 2001 will that named
her as Davidson's sole beneficiary and a February 2001 codicil that named her as executor. 
The trial court admitted the will to probate and appointed Zeller executor. After Zeller
signed the executor's oath, some of Davidson's other nieces and nephews filed a will
contest and a statutory bill of review. (1) See Tex. Prob. Code Ann. §§ 31, 93 (Vernon
2003). The trial court denied the bill of review, but did not sever it from the will contest. 
Contestants appeal the order denying the bill of review. 

 The Probate Code provides procedures for a direct attack on a probate order. See
Tex. Prob. Code Ann. §§ 31, 93 (Vernon 2003); see also Ladehoff v. Ladehoff, 436
S.W.2d 334, 336-37 (Tex. 1968). (2) Sections 31 and 93 are at issue here. The bill of
review statute, section 31, allows for correction of error at any stage of the probate
proceedings so long as it is filed within two years of the date of the challenged order,
decision, or judgment. Section 93 provides for a will contest after the will has been
admitted to probate. In a proceeding attacking an order admitting a will to probate, the
burden is on the contestant to prove grounds for the contest. See In re Estate of Graham,
69 S.W.3d 598, 605 (Tex. App.--Corpus Christi 2001, no pet.) (testamentary capacity);
Evans v. May, 923 S.W.2d 712, 714-15 (Tex. App.--Houston [1st Dist.] 1996, writ denied)
(undue influence). 

 Section 31 provides as follows:

 Any person interested may, by a bill of review filed in the court in
which the probate proceedings were had, have any decision, order, or
judgment rendered by the court, or by the judge thereof, revised and
corrected on showing error therein; but no process or action under such
decision, order or judgment shall be stayed except by writ of injunction, and
no bill of review shall be filed after two years have elapsed from the date of
such decision, order, or judgment.


Tex. Prob. Code Ann. § 31 (Vernon 2003). 


 Section 93 provides as follows:


 After a will has been admitted to probate, any interested person may
institute suit in the proper court to contest the validity thereof, within two
years after such will shall have been admitted to probate, and not afterward,
except that any interested person may institute suit in the proper court to
cancel a will for forgery or other fraud within two years after the discovery
of such forgery or fraud, and not afterward. Provided, however, that
incapacitated persons shall have two years after the removal of their
disabilities within which to institute such contest. 


Tex. Prob. Code Ann. § 93 (Vernon 2003 ). While both sections authorize a direct attack
on an order admitting a will to probate, there is no apparent distinction between the
provisions in the context of a post-probate will contest other than Section 93's provisions
dealing with forgery or fraud and incapacitated persons. 

 In their Section 31 pleading, contestants asserted Zeller had not complied with the
statutory requirements for probating the will. Specifically, contestants maintained that
proper citation was not served and returned as required by the Probate Code, no proof was
offered to probate the codicil that appointed Zeller as executor, the order probating the will
had to be aside, and the appointment of Zeller was void. In the Section 93 will contest
pleading, filed the same day and subject to the bill of review, contestants asserted the order
admitting the will to probate should be set aside because of Davidson's alleged lack of
testamentary capacity, Zeller's undue influence on Davidson, and Zeller's breach of
fiduciary duty. The ultimate issue raised in both the bill of review and the will contest is
whether the county court's order admitting the will of Eli Davidson to probate should be
set aside. Zeller contends this court has no jurisdiction, because the order denying the bill
of review is interlocutory. Specifically, she argues the bill of review is but one part of the
contest of the will, and there are other pleadings of the same parties raising issues yet
undecided. In response, appellants maintain the bill of review is a separate and distinct
phase of the probate proceedings.

 The Probate Code provides that "[a]ll final orders of any court exercising original
probate jurisdiction shall be appealable to the courts of appeals." Tex. Prob. Code Ann.
§ 5(g) (Vernon Supp. 2005). A probate proceeding consists of a continuing series of
events in which the probate court may make decisions at various points in the
administration of the estate on which later decisions will be based. Logan v. McDaniel,
21 S.W.3d 683, 688 (Tex. App.--Austin 2000, pet. denied). In probate proceedings, the
need to review controlling, intermediate decisions, before an error can harm later phases
of the proceedings, justifies modifying the one final judgment rule. Id. In Crowson v.
Wakeham, 897 S.W.2d 779, 783 (Tex. 1995), the Texas Supreme Court set out the
following test for determining whether a probate order is final and appealable: 

 If there is an express statute, such as the one for the complete heirship
judgment, declaring the phase of the probate proceedings to be final and
appealable, that statute controls. Otherwise, if there is a proceeding of
which the order in question may logically be considered a part, but one or
more pleadings also part of that proceeding raise issues or parties not
disposed of, then the probate order is interlocutory. For appellate purposes,
it may be made final by a severance order, if it meets the severance
criteria[.] . . . In setting this standard, we are mindful of our policy to avoid
constructions that defeat bona fide attempts to appeal. [citations omitted] A
severance order avoids ambiguities regarding whether the matter is
appealable. Litigants can and should seek a severance order either with the
judgment disposing of one party or group or parties, or seek severance as
quickly as practicable after the judgment. 


We apply the standard in Crowson to determine whether the order here is final. 

 A will contest is a direct attack on the order admitting the will to probate and is
considered part of the probate proceeding. See In re Devitt, 758 S.W.2d 601, 607 (Tex.
App.--Amarillo 1988, writ denied) (op. on reh'g). Contestants' two pleadings concern the
same phase of the case -- both seek vacation of the order admitting the will to probate and
appointing Zeller executor. In denying the bill of review, the trial court has refused to set
aside the probate only on the grounds asserted in the Section 31 pleadings. Those are
some of the issues in the determination of whether to set aside the order admitting the will
to probate and remove Zeller as executor. But as appellants said in their motion requesting
the probate court to consolidate the proceedings, the "same or similar" issues are involved
in both proceedings. The issues overlap. There remain issues asserted in the Section 93
pleadings affecting the probate court's determination. The probate court has not ruled on
all issues in this consolidated proceeding and did not enter a severance order. The court
may decide to revisit its Section 31 ruling or may decide to set aside the order on a
separate ground asserted in the Section 93 pleading. Because there are ongoing
proceedings and unresolved issues relevant to the order, we conclude under these
circumstances the order does not terminate a discrete phase of the probate proceeding. 
The trial court's Section 31 ruling here is not final and appealable. The appeal is
dismissed for lack of jurisdiction. 


 DISMISSED FOR WANT OF JURISDICTION. 


 _________________________________

 DAVID GAULTNEY

 Justice


Submitted on November 11, 2004

Opinion Delivered December 30, 2004


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. At the trial court's urging, contestants filed the section 31 bill of review in a
separate cause number. Contestants later filed a motion asserting that the same or similar
issues were involved in both proceedings, and requesting that the bill of review be
consolidated with the section 93 will contest. The trial court consolidated the two
proceedings. 
2. Under section 10 of the Probate Code, a person interested in an estate may file a
written opposition before a will is admitted to probate. See Tex. Prob. Code Ann. § 10
(Vernon 2003); see also Schindler v. Schindler, 119 S.W.3d 923, 928 (Tex. App.--Dallas
2003, pet. denied). The proponent of the will has the burden of proof on the requirements
to be proved to establish the will. See Tex. Prob. Code Ann. § 88 (Vernon 2003); see
also In re Estate of Flores, 76 S.W.3d 624, 629 (Tex. App.--Corpus Christi 2002, no
pet.). Here contestants could not use section 10 because the will had already been
probated before any challenge was raised. This is not an appeal directly from the county
court's order admitting the will to probate. See Cooley v. Williams, 31 S.W.3d 810 (Tex.
App.--Houston [1st Dist.] 2000, no pet.) (Contestant challenged application to probate will
and appealed from trial court's order admitting will to probate); In re Estate of Crenshaw,
982 S.W.2d 568 (Tex. App.--Amarillo, 1998, no pet.) (appeal from appointment of
executor). See Tex. Prob. Code Ann. § 5(g) (Vernon 2003) (all final orders of any court
exercising original probate jurisdiction shall be appealable to the courts of appeals). 
Rather, this is an appeal from an order in a bill of review.